669 So.2d 334 (1996)
Elena SANTIAGO and Margaret Kuhl, Appellants,
v.
The STATE of Florida, Appellee.
No. 95-2558.
District Court of Appeal of Florida, Third District.
March 13, 1996.
*335 Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellants.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
The appellants herein, who were the defendants below, were both convicted of Trespass of an Occupied Structure. In addition, appellant Santiago was convicted of a Battery. The victim in this case is the daughter of appellant Santiago and the sister of appellant Kuhl. The offenses occurred in the victim's home, which is located on the Navy Base in Key West where the victim, who is in the Navy, lived with her four-year-old daughter. The appellants, both of whom live in Immokalee, Florida, traveled to Key West, and committed the offenses for which they were convicted, after the abrupt end of a telephone conversation that involved an argument between the parties over family matters.
At one point during the incident, appellant Santiago grabbed the victim's four-year-old daughter. Thereafter, the victim managed to retrieve her daughter from appellant Santiago and proceeded to run to a neighbor's house with her daughter. When the neighbor opened the door, the victim gave her daughter to the neighbor for safekeeping. Appellant Santiago followed the victim to the neighbor's house and began hitting the victim. At some point thereafter, appellant Santiago hit the victim with a "log".
Subsequent to the incident described above, the victim, in an obvious effort to remove her four-year-old daughter from any possible zone of danger, took her daughter to Virginia where she was able to make arrangements for the child's safekeeping for a period of one month. At the end of that period of time, the victim traveled back to Virginia so that she could pick up her daughter and return the child to her home at the Navy Base in Key West.
At the restitution hearing, which took place after both defendants were found guilty by a jury, the victim testified that she was emotionally distraught after the incident and was forced to take her young daughter to a friend's house in Virginia because she was afraid that the appellants would return to Key West and kidnap her daughter. The victim further testified that she was specifically concerned for her daughter's safety because appellant Santiago had stated that she (appellant Santiago) only cared about her granddaughter, and not about the victim.
At the conclusion of the restitution hearing, the trial judge ordered the appellants, as part of the probationary sentences that they both received, to make restitution to the victim for the expenses incurred by the victim in connection with the trip to Virginia. The appellants appeal from the order of restitution.
In response to the appellants' brief filed in this cause, the appellee filed a document entitled "Confession of Error Brief of Appellee" wherein "the State concedes that there is no causal connection between the offense for which the defendants were convicted... and the expense incurred in taking and keeping the child in Virginia." We find that confession to be both ill-advised and legally incorrect. Accordingly, we do not accept it. More importantly, we hold that the trial judge was eminently correct in ordering the restitution in question. Clearly, the expenses involved herein resulted in the victim suffering a financial loss that was, at the very least, indirectly (if not directly) *336 caused by the offenses committed by the appellants. Specifically, the financial loss suffered by the victim, in the form of the monies spent by the victim for the safekeeping of her child, were directly and significantly related to the crimes proved at trial. See State v. Williams, 520 So.2d 276 (Fla.1988); Section 775.089(1)(a) Florida Statutes (1993).
Affirmed.