698 So.2d 252 (1997)
James R. PACCIONE, Petitioner,
v.
STATE of Florida, Respondent.
No. 88809.
Supreme Court of Florida.
August 21, 1997.
*253 Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General; and Georgina Jimenez-Orosa, Senior Assistant Attorney General, Chief, West Palm Beach Bureau and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for Respondent.
WELLS, Judge.
We have for review Paccione v. State, 676 So.2d 529 (Fla. 4th DCA 1996), in which the district court certified the following question to be of great public importance:
MAY A PERSON BE SEPARATELY CONVICTED AND PUNISHED FOR POSSESSION OF MARIJUANA WITH INTENT TO SELL AND SIMPLE POSSESSION OF THE SAME QUANTITY OF MARIJUANA?
Paccione, 676 So.2d at 529-30. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and remand to the district court for further proceedings in conformity with this opinion. As in Gaber v. State, 684 So.2d 189, 189 (Fla.1996), we reach this conclusion by giving plain meaning to the rule of statutory construction provided in section 775.021(4)(a), Florida Statutes (1993), which provides in relevant part that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (1993).
Paccione was convicted of one count of possession of marijuana with the intent to sell[1] and one count of simple possession[2] of the same marijuana. On appeal, Paccione argued that the dual convictions violated his constitutional right not to be placed twice in jeopardy for the same criminal offense. The district court affirmed both convictions on the authority of Peterson v. State, 645 So.2d 1028 (Fla. 4th DCA 1994), in which the Fourth District held that dual convictions for violation of section 893.13(1)(a), Florida Statutes (1991), and section 893.13(1)(f), Florida Statutes (1991),[3] do not violate double jeopardy.
The district court certified this issue to us because of the similarity of this question to the question it posed to us in Gibbs v. State, 676 So.2d 1001, 1006 (Fla. 4th DCA 1996).[4] We answered that question in the negative. See Gibbs v. State, 698 So.2d 1206 (Fla.1997). While we agree that the issue in this case is similar to the issue in Gibbs, and our decision here is consistent with our decision in Gibbs, our decision in this case rests upon the following further analysis.
*254 To be convicted of possession with the intent to sell, the prosecutor must prove that the defendant knowingly possessed the illegal drug with an intent to sell. To be convicted of simple possession, the prosecutor need only prove that the defendant knowingly possessed the illegal drug. Chicone v. State, 684 So.2d 736 (Fla.1996). While possession with the intent to sell contains an element that possession does not, the converse is not true. Simple possession contains no element not found in possession with the intent to sell. Therefore, under section 775.021(4)(a), Florida Statutes (1993), we find that the legislature did not intend to punish the offense of possession with the intent to sell separately from and in addition to the offense of simple possession. Thus, the court exceeded its statutory authority by convicting and sentencing Paccione for both of these crimes, which arose out of a single criminal episode.[5] Accordingly, we answer the question in the negative.
We specifically distinguish this case from State v. McCloud, 577 So.2d 939 (Fla.1991), in which we held that dual convictions for the sale and possession of the same cocaine did not violate the principles of double jeopardy. In McCloud, we found that each offense contained an element that the other did not. We reasoned that "the crime of sale does not require possession as an element, and the crime of possession does not require sale as an element." McCloud, 577 So.2d at 940. Therefore, pursuant to section 775.021(4)(a), Florida Statutes (Supp.1988), there was no double jeopardy violation. As we have previously stated, a double jeopardy violation occurred in this case because each offense required knowing possession, and the simple possession statute did not contain any element not contained in the possession-with-intent-to-sell statute.
For the reasons stated, we answer the certified question in the negative, quash the district court decision,[6] and remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 893.13(1)(a), Florida Statutes (1993), provides in relevant part:

Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.
[2] Section 893.13(6)(a), Florida Statutes (1993), provides in relevant part:

It is unlawful for any person to be in actual or constructive possession of a controlled substance... Any person who violates this provision commits a felony of the third degree....
[3] This provision is now codified at section 893.13(6)(a), Florida Statutes (1995).
[4] The question as certified read:

May a person be separately convicted and punished for trafficking possession of cocaine and simple possession of a controlled substance for the same quantity of cocaine? Gibbs, 676 So.2d at 1006.
[5] Because we find that multiple convictions do not pass muster under section 775.021(4)(a), Florida Statutes (1993), we do not address any arguments regarding the exceptions set out in section 775.021(4)(b), Florida Statutes (1993).
[6] To the extent that it may be read to be in conflict with this decision, we disapprove Peterson v. State, 645 So.2d 1028 (Fla. 4th DCA 1994).