GRIFFIN, Chief Judge.
Defendant, Curtis Gagger, appeals the summary denial of his Rule 3.800 motion to correct sentence. On November 15, 1993, defendant was sentenced as a habitual offender to seven years incarceration in Case No. 93-302 for sale of cocaine and possession of cocaine, concurrent with three and one-haif years incarceration for possession of cocaine in Case No. 93-242. Defendant claims that he was improperly sentenced as a habitual felony offender since his convictions were for drug offenses excluded from the operation of the habitual offender statute. Section 775.084(l)(a)3, Florida Statutes (1993), does not permit habitualization when both the felony for which the defendant is to be sentenced and one of the two prior felony convictions is a violation of section 893.13, Florida Statutes, relating to the purchase or possession of a controlled substance.
The lower court entered a cogent order explaining that the effective date of section 775.084(l)(a)3, Florida Statutes (1993), was June 17, 1993. See Ch. 93-406, §§ 2, 44, Laws of Fla. The underlying offenses were committed in Case No. 93-242 on January *348 28, 1993, and in Case No. 93-302 on December 16, 1992. The statute in effect at the time defendant committed his crimes is controlling, and such statute did not contain the exclusion provision. See Bond v. State, 675 So.2d 184 (Fla. 5th DCA), review denied, 684 So.2d 1350 (Fla.1996).
AFFIRMED.
PETERSON and ANTOON, JJ., concur.