700 So.2d 190 (1997)
Albert WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1657.
District Court of Appeal of Florida, Fifth District.
October 17, 1997.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Albert Williams appeals from his convictions and sentences for possession of cannabis with the intent to sell or deliver[1], possession of cannabis over 20 grams[2], maintaining a drug dwelling[3], and use or possession of drug paraphernalia[4]. We reverse his conviction and sentence for possession of cannabis over 20 grams, and strike the imposition of costs.
The charges against Williams stem from the execution of a search warrant for cocaine and drug paraphernalia at his mobile home. Officers executing the warrant seized 90.1 grams of cannabis from a freezer, a box of baggies of different sizes a few feet from the freezer, a gram scale on top of the freezer, and a cigarette rolling machine. Williams was tried by a jury, convicted of all charges, and sentenced to concurrent sentences of 364 days in the Putnam County jail. On appeal, Williams argues that double jeopardy principles preclude punishment for possession with intent to sell and possession of the same quantity of cannabis. Relying on Burke v. State, 640 So.2d 1222 (Fla. 5th DCA 1994) and Pasley v. State, 625 So.2d 1303 (Fla. 1st DCA 1993), Williams contends that a defendant may not be convicted of both possession of cannabis with intent to sell or deliver and possession of over 20 grams of cannabis because all of the elements of the possession charge are subsumed by the possession with intent to sell charge. Although superficially presented, we interpret Williams' argument to be that each element of the possession charge is part of the intent to sell or deliver charge.
Recently, the Florida Supreme Court decided Paccione v. State, 698 So.2d 252 (Fla.1997), in which the court considered a certified question concerning this issue: whether a defendant can be convicted and punished for possession with intent to sell, and for simple possession of the same quantity of cannabis. It appears that the Paccione *191 defendant was charged with violations of sections 893.13(1)(a)2. and 893.13(6)(a), which are the violations charged in the instant case.[5] Based on Pacione, we reverse the conviction and sentence for a violation of section 893.13(6)(a).
We also strike the imposition of $150 for investigative costs and $250 for costs of prosecution. Williams argues these should be stricken because there was no indication in the record what these fees were for. A review of the record reveals that the state requested the costs but presented no documentation to support the costs. Absent the documentation, the costs must be stricken because the trial court lacked the authority to impose them. Bisson v. State, 696 So.2d 504 (Fla. 5th DCA 1997); Pazo v. State, 684 So.2d 898 (Fla. 5th DCA 1996).
Finally, Williams challenges, and the state concedes, a scrivener's error in the judgment. Williams was convicted of the third degree felony of possession of a controlled substance with intent to sell. The judgment mistakenly designates the crime a second degree felony. The judgment should be corrected to show that the crime is a third degree felony. We find no merit in the other points raised on appeal.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] § 893.13(1)(a)2., Fla.Stat. (1995).
[2] § 893.13(6)(a), Fla.Stat. (1995).
[3] § 893.13(7)(a)5., Fla.Stat. (1995).
[4] § 893.147(1)(a), Fla.Stat. (1995).
[5] We note that, to prove a violation of section 893. 13(6)(a), the state must prove both possession and the felony amount of marijuana. See Purifoy v. State, 359 So.2d 446 (Fla.1978); § 893.13(6)(b). In contrast, in cases involving controlled substances other than cannabis, a violation of section 893.13(6) can be proved without a showing of an amount. See Gibbs v. State, 698 So.2d 1206 (Fla.1997). Nevertheless, in Gibbs the court held that the quantity requirement, in the context of a trafficking case, is not a separate element which would allow a dual prosecution.