707 So.2d 823 (1998)
Mack ROLLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-3258.
District Court of Appeal of Florida, Third District.
February 25, 1998.
*824 Bennett H. Brummer, Public Defender and Rosa C. Figarola, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General and Dominique T. Suite-Brown, Assistant Attorney General, for Appellee.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
PER CURIAM.
After a jury trial, the appellant, Mack Rollins, was convicted and sentenced for aggravated battery with a deadly weapon as a habitual offender. He raises two issues on this appeal.
First, he asserts that where his defense was that of self-defense, the trial court improperly restricted his counsel's voir dire questioning of the prospective jurors regarding their views on the law of self-defense and the facts of this particular case. We note from the record, however, that Rollins' counsel never interposed any objection to the trial court's restriction of his voir dire questioning. In the absence of any contemporaneous objection, request for curative instruction or motion for mistrial, and a renewal of the same prior to the impaneling of the jury, this alleged impropriety has not been preserved for appellate review. See Franqui v. State, 699 So.2d 1332, 1334 (Fla.1997), petition for cert. filed, ___ U.S. ___, 118 S.Ct. 1337, ___ L.Ed.2d ___ (1998); Karp v. State, 698 So.2d 577, 578 (Fla. 3d DCA 1997); Fruetel v. State, 638 So.2d 966, 972 (Fla. 4th DCA 1994); Jones v. State, 582 So.2d 110, 111 (Fla. 3d DCA), appeal dismissed, 592 So.2d 681 (Fla.1991); Harris v. State, 564 So.2d 1211, 1212 (Fla. 3d DCA 1990); Griffin v. State, 502 So.2d 1350, 1352 (Fla. 2d DCA 1987); Scott v. State, 396 So.2d 271, 271 (Fla. 3d DCA 1981); Williams v. State, 305 So.2d 45, 46 (Fla. 1st DCA 1974).
Rollins next argues that his habitual offender sentence imposed pursuant to section 775.084(1)(a), Florida Statutes (1995) was inappropriate where one of the predicate felony convictions relied upon to support the enhanced sentence was a conviction for possession *825 of cocaine pursuant to section 893.13(6)(a), Florida Statutes (1995). Essentially, Rollins maintains that the habitual offender statute precludes habitualization where one of the two predicate convictions is a violation of section 893.13. We find no merit to this argument and find that Rollins has simply misconstrued section 775.084.
Section 775.084(1)(a) provides in relevant part that:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
* * * * * *
3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance....
By the plain language of this statute, a defendant may not be sentenced as a habitual felony offender if both the felony for which the defendant is to be sentenced and one of the two prior predicate felony convictions involves a violation of section 893.13 relating to the purchase or possession of a controlled substance. See Gagger v. State, 699 So.2d 347, 347 (Fla. 5th DCA 1997); Hayes v. State, 677 So.2d 304, 305 (Fla. 1st DCA 1996).
In this case, Rollins was convicted of aggravated battery with a deadly weapon and not a violation of section 893.13. He had two prior felony convictions, one of which was for possession of a controlled substance as prescribed by section 893.13(6)(a); the other was for burglary of a structure and grand theft second degree. Thus, because one of these two predicate convictions, and the conviction in this case, are not violations of section 893.13, Rollins' enhanced sentence was not error.
Thus, finding no reversible error, Rollins' conviction and sentence must be affirmed.
Affirmed.