759 So.2d 686 (1998)
Terry McKNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1845.
District Court of Appeal of Florida, First District.
October 23, 1998.
Nancy A. Daniels, Public Defender; Laura Anstead, Assistant Public Defender, Tallahassee, for Appellant.
Terry McKnight, appellant pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General; Sherri Tolar Rollison and Trisha E. Meggs, Assistant Attorneys General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant's appointed counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant also filed a brief in proper person. In her Anders brief, counsel noted that appellant had received a 10-year habitual offender sentence for possession of cocaine. Following our independent review of the record, we determined that a potential issue existedwhether, notwithstanding failure to object in the trial court, appellant's 10-year habitual offender sentence for possession of cocaine constitutes fundamental error which may be raised for the first time on appeal because habitual offender sentencing is expressly prohibited for possession of cocaine, and the sentence exceeds the maximum permissible non-habitual offender sentence for that offense. See § 775.084(1)(a)3., Fla. Stat. (Supp. 1996) (prohibiting habitual offender sentencing for violations of section 893.13, Florida Statutes, "relating to the purchase or the possession of a controlled substance"); § 893.13(6)(a), Fla. Stat. (Supp. 1996) (making possession of a controlled substance a third-degree felony). Accordingly, we ordered the parties to brief that issue, pursuant to State v. Causey, 503 So.2d 321 (Fla.1987).
Based upon our recent decision in Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998) (general division en banc), we hold that appellant's 10-year habitual offender sentence for possession of cocaine constitutes fundamental error, which may be raised for the first time on appeal. Accordingly, we reverse appellant's sentence for possession of cocaine and remand for resentencing as to that offense. Also as in Nelson, we certify conflict with Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, J., and SMITH, LARRY G., Senior Judge, concur.