734 So.2d 1083 (1999)
Tyrone OLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2575.
District Court of Appeal of Florida, First District.
February 17, 1999.
*1084 Appellant pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order which summarily denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking postconviction relief. Only one of the grounds raised merits discussion.
Appellant claimed that he had received two 18-year habitual offender sentences for possession of cocaine with intent to sell or deliver. He claimed, further, that those offenses were committed on June 17, 1993, the same date on which an amendment to section 775.084 proscribing habitual offender sentencing for offenses relating to purchase or possession of a controlled substance became effective. Therefore, according to appellant, his 18-year habitual offender sentences for the second-degree felonies of possession of cocaine with intent to sell or deliver were illegal. The trial court denied relief as to this claim on the grounds that it was not timely filed, and that it should have been raised on direct appeal.
Appellant's claim was not untimely if considered pursuant to Rule 3.850 because it was filed within two years of the date on which his resentencing following remand from this court became final. In Oliver v. State, 666 So.2d 926 (Fla. 1st DCA 1995), this court reversed appellant's sentences and remanded for resentencing. Appellant was resentenced on September 18, 1995. He then sought review of his resentencing in this court. We affirmed without opinion. Oliver v. State, 688 So.2d 918 (Fla. 1st DCA 1997) (table). Our mandate issued on March 27, 1997. Appellant filed his motion in the trial court on January 9, 1998, well within the two-year time limit established in Rule 3.850. Moreover, it is apparent that this claim is one which might be considered pursuant to Florida Rule of Criminal Procedure 3.800(a), as to which there is no time limit.
Appellant correctly represents that section 775.084 was amended effective June 17, 1993, to proscribe an habitual offender sentence for offenses relating to the purchase or possession of a controlled substance. Ch. 93-406, §§ 2, 44, at 2912, 2974, Laws of Fla. He claims that he committed the two offenses of possession with intent to sell or deliver on June 17, 1993. If this representation is true, appellant would be entitled to have the habitual offender sentences for those two offenses set aside, and to be resentenced pursuant to the guidelines. See, e.g., Gagger v. State, 699 So.2d 347 (Fla. 5th DCA 1997) (whether a defendant may be sentenced as an habitual offender for possession of cocaine depends upon the version of section 775.084 in effect when the offenses were committed). Accordingly, appellant's claim is legally sufficient on its face. Because the trial court did not attach to its order denying relief portions of the record conclusively establishing that appellant is not entitled to relief, we reverse and remand as to this claim only. Should the trial court again conclude that appellant is *1085 not entitled to relief, it shall attach to its order those portions of the record which conclusively establish that. In all other respects, the order denying relief is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and VAN NORTWICK, JJ., CONCUR.