743 So.2d 1134 (1999)
Zackery Shabazz PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1871.
District Court of Appeal of Florida, First District.
September 22, 1999.
Rehearing Denied October 21, 1999.
*1135 Nancy Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
In this direct criminal appeal, appellant challenges his convictions and sentences for the offenses of possession of marijuana with the intent to sell, tampering with physical evidence, possession of less than 20 grams of marijuana, and possession of drug paraphernalia. His appointed public defender initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following our independent review of the record, we directed the parties, in accordance with State v. Causey, 503 So.2d 321 (Fla.1987), to file supplemental briefs addressing the following two issues: (1) whether appellant's dual convictions for both possession of marijuana with the intent to sell and simple possession of less than 20 grams of marijuana violated principles of double jeopardy; and (2) whether the habitual felony offender sentence imposed on appellant for the offense of possession of marijuana with the intent to sell constituted an "illegal" sentence. We construe the arguments presented by the state in its supplemental answer brief as concessions of error, reverse as to the issues upon which supplemental briefing was ordered, and affirm in all other respects.
In Paccione v. State, 698 So.2d 252 (Fla.1997), the Florida Supreme Court held that a defendant's double jeopardy rights were violated by conviction of both possession with the intent to sell marijuana and simple possession of the same quantity of marijuana. This court has repeatedly held that such double jeopardy violations constitute fundamental error which can be raised for the first time on appeal. See, e.g., Austin v. State, 699 So.2d 314, 316 (Fla. 1st DCA 1997) (criminal division en banc). As in Paccione, appellant in this case was convicted of both possession of marijuana with the intent to sell and simple possession of the same quantity of marijuana. Under Paccione, appellant's conviction for the offense of simple possession of less than 20 grams of marijuana must be vacated.
Since the 1993 amendments to the habitual offender statute, habitualization for offenses relating to the purchase or possession of a controlled substance has not been authorized. See § 775.084(1)(a) 3., Fla.Stat. (1997); Oliver v. State, 734 So.2d 1083 (Fla. 1st DCA 1999). In Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998) (general division en banc), this court held that a habitual offender sentence for an offense for which habitualization is not statutorily authorized constitutes an "illegal" sentence which can be challenged for the first time on appeal. Appellant's written sentence for the offense of possession of marijuana with the intent to sell reflects that he was sentenced as a habitual felony offender for that offense. Under Nelson, appellant's habitual felony offender sentence for that offense is illegal. The case must be reversed and the case remanded for resentencing on that offense.
In summary, we vacate appellant's conviction for simple possession of less than *1136 20 grams of marijuana, reverse appellant's habitual felony offender sentence for the offense of possession of marijuana with the intent to sell, and remand for resentencing on that offense. Finding no basis for reversal of appellant's convictions and sentences for the offenses of tampering with physical evidence and possession of drug paraphernalia, we affirm those convictions and sentences.
BARFIELD, C.J., BOOTH and WOLF, JJ., concur.