764 So.2d 574 (2000)
STATE of Florida, Petitioner,
v.
Terry McKNIGHT, Respondent.
No. SC94256.
Supreme Court of Florida.
July 13, 2000.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Respondent.
PER CURIAM.
We have for review McKnight v. State, 759 So.2d 686 (Fla. 1st DCA 1998), a decision of the First District Court of Appeal certifying conflict with the decision of the Fifth District in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
McKnight received a ten-year habitual offender sentence for possession of cocaine. A habitual offender sentence for possession of cocaine is expressly prohibited by statute and the sentence imposed exceeds the maximum non-habitual offender sentence permitted for the offense. See McKnight, 759 So.2d at 686. For the reasons expressed in our opinion in Maddox, we approve the decision of the First District that this constitutes fundamental error correctable during the window period discussed in Maddox.[1]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS and QUINCE, JJ., concur.
ANSTEAD, J., recused.
NOTES
[1] See also Leonard v. State, 760 So.2d 114, 116 (Fla.2000) (rejecting State's argument that a fundamental sentencing error should remain uncorrected simply because the erroneous sentence is to be served concurrently with other sentences that are not being challenged).