GRIFFIN, Judge.
In this Anders appeal, the appellate public defender was asked to brief a dou *1151 ble jeopardy issue. Defendant was convicted of trafficking in 28 grams or more of cocaine, possession of cocaine within 1,000 feet of a place of worship with intent to sell or deliver, possession of cocaine, and possession of drug paraphernalia.
All of the felony drug charges arose out of the same factual event. Defendant on March 2, 1999, was observed by a police officer at 11:30 p.m. in an area known for the presence of drug dealers. Defendant was in a group of people standing around a vehicle. As the police officer approached in his vehicle, defendant turned and ran down an alley. The police officer observed defendant on his hands and knees making a scooping motion as if he were burying something. When the police officer shined a spotlight on him, defendant jumped up and walked toward the police car. Defendant told the police officer he was in the area to visit his mother. The police officer asked defendant if he could pat him down, and he found $2,403.00 in defendant’s pocket. When a back-up officer arrived, the first officer went to the area where defendant was digging and found a plastic bag filled with large slabs of white colored rocks, which later tested positive for cocaine. Defendant also was found with cocaine residue on his hands.
The state concedes it was error for defendant to be convicted of both simple possession of cocaine and possession of cocaine within 1,000 feet of a place of worship with intent to sell or deliver. See Paccione v. State, 698 So.2d 252 (Fla.1997); Williams v. State, 700 So.2d 190 (Fla. 5th DCA 1997). Simple possession of cocaine is subsumed within the greater offense of possession of cocaine within 1,000 feet of a place of worship with intent to sell or deliver. The conviction for simple possession is reversed.[1]
AFFIRMED in part; REVERSED in part; and REMANDED.
HARRIS and PLEUS, JJ., concur.

. The appellate public defender also added the argument that the offense of possession of cocaine within 1,000 feet of a place of worship is unconstitutional for violating due process, equal protection, and the establishment clause, and is also void for vagueness. These arguments were rejected by this court in Rice v. State, 754 So.2d 881 (Fla. 5th DCA 2000).