808 So.2d 268 (2002)
Kenneth PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-4329.
District Court of Appeal of Florida, First District.
February 21, 2002.
Nancy A. Daniels, Public Defender and Robert Friedman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Kenneth Perry appeals his conviction for sale of cocaine and his habitual felony offender sentence. We affirm both the conviction and sentence.
We find that the trial court did not abuse its discretion in limiting appellant's questioning of prospective jurors and, thus, we affirm the conviction without further discussion. See Hooper v. State, 703 So.2d 1143, 1145 (Fla. 4th DCA 1997). As to the sentencing issue, the state mistakenly concedes that, pursuant to the authority of McKnight v. State, 759 So.2d 686 (Fla. 1st DCA 1998), approved sub nom., State v. McKnight, 764 So.2d 574 (Fla. 2000); and Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998), the trial court erred in classifying appellant as a habitual felony offender under section 775.084(1)(a)(3.), Florida Statutes (1997). It is ethically appropriate for the state to make a confession of error if no good faith argument can be made to support a point on appeal, see Philip J. Padovano, Appellate Practice, § 16.11 at 242-43 (2000-2001 Ed.). A confession of error, however, is not binding upon an appellate court, Dinardo v. State, 742 So.2d 287 n. 1 (Fla. 1st DCA 1998), and it is the practice of Florida appellate courts not to accept erroneous concessions by the state. See Reed v. State, 783 So.2d 1192, 1196 n. 2 (Fla. 1st DCA 2001); Henry v. State, 564 So.2d 212, 213 (Fla. 1st DCA 1990); Santiago v. State, 669 So.2d 334, 335 (Fla. 3d DCA 1996); Prieto v. State, 627 So.2d 20, 21 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 626 (Fla.1994). We cannot agree that a reversal for resentencing is required under the circumstances here.
Appellant was convicted of selling or delivering cocaine. Even though one of the predicate convictions for appellant's habitual felony offender sentence involved possession of a controlled substance, appellant's *269 habitual offender sentence is authorized by statute because one of the predicate felony convictions on which the sentencing court relied was "not a violation of section 893.13 relating to purchase or the possession of a controlled substance." § 775.084(1)(a)(3.), Fla. Stat. (1997); see Ishmael v. State, 735 So.2d 509, 510 (Fla. 2d DCA 1999)("section 775.084(1)(a)(3.)... only prohibits habitualization if both prior offenses are for purchase or possession"); Rollins v. State, 707 So.2d 823, 824-25 (Fla. 3d DCA 1998).
We recognize that subparagraph 3 to paragraph 1(a) of section 775.084 contains a grammatical error because the sentence has a plural noun ("The felony ... and one of the two prior felony convictions ...") and a singular verb ("... is not a violation..."). Nevertheless, the meaning and legislative intent of this provision is clear to us. As the Ishmael and Rollins courts, we read section 775.084(1)(a)(3.) to authorize a habitual felony offender sentence if the trial court finds that neither the sentencing felony nor one of the two predicate felonies involved a conviction for possession under section 893.13.
AFFIRMED.
KAHN and BENTON, JJ., concur.