881 So.2d 584 (2004)
Johnny JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-607.
District Court of Appeal of Florida, Third District.
June 9, 2004.
Rehearing and/or Rehearing Denied September 15, 2004.
Johnny Jones, for appellant.
Charles J. Crist, Jr., Attorney General and Richard L. Polin, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
Rehearing and/or Rehearing En Banc Denied September 15, 2004.
PER CURIAM.
We treat Johnny Jones's petition for Writ of Mandamus/Prohibition as an appeal from a denial of a Motion to Correct Illegal Sentence under Florida Rule of Criminal Procedure 3.800(a)[1] and affirm.
Contrary to Jones's contention, he was correctly sentenced under section *585 775.084(1)(a)3., Florida Statutes (1993), which provides that habitual felony offender status requires, among other things, that
one of the two prior felony convictions[ ] is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance....
Jones's habitual offender status was predicated on four prior felony convictions, three of which were violations of section 893.13, while the fourth was a drug trafficking offense. As the drug trafficking conviction falls under section 893.135, not section 893.13, Jones's sentence as a habitual offender meets the requirement that at least one prior felony conviction not be a violation of section 893.13. See also Woods v. State, 807 So.2d 727, 729 (Fla. 1st DCA 2002).
Affirmed.
NOTES
[1] See Fla. R.App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought....").