COPE, C.J.
(concurring in part and dissenting in part).
Respectfully, we should affirm the sentencing order and reject the State’s confession of error.
The case now before us is an appeal after revocation of probation in Miami-Dade County Circuit Court case number 98-29538. Defendant-appellant Bain filed a motion to correct sentencing error pending appeal. This motion fell before a successor judge who conducted several hearings on that matter and another of the defendant’s pending cases.
When this case came before the successor judge for resentencing on a corrected sentencing guidelines scoresheet, the judge made reference to the fact that the predecessor judge had sentenced the defendant to the maximum. The court then sentenced the defendant to the (lower) guidelines maximum under the corrected scoresheet. If that is all that existed in the case, I would agree that we would need to return the case to the trial court to confirm that the successor judge exercised his own independent sentencing judgment.
However, there is more. Later in the same hearing defense counsel asked to “clarify something for the record regarding the 1998 sentence that you imposed earlier today.” Supplemental Record (“SR.”) 70. Counsel stated that she wanted to make clear that she was not waiving any of her previously made arguments regarding the duties of a successor judge. SR. 71. The court then responded: “As far as my understanding is that I have to conduct an independent review of the facts in the case that I feel are necessary to make a sentence.” Id. (emphasis added).
Defense counsel stated that she wanted to be sure about what the judge had reviewed. Id. The court responded: “I have reviewed everything that was provided to me by both sides.” SR. 72 (emphasis added).
Defense counsel asked whether that included a paragraph from a transcript contained in the 1998 case. Id. This apparently was not in the materials that had been provided to the judge. Id. at 72-73. The court had the public defender read the paragraph into the record. Id. at 73. The gist was that the defendant’s trial counsel in the 1998 case believed that Mr. Bain could have won the case had he gone to trial. However, the defendant insisted on taking a plea in the 1998 case so that he could get out of jail.
Defense counsel in the present case concluded by saying, “I really just wanted to be sure that it was clear on the record that I hadn’t waived all of those arguments because I didn’t reiterate them at the time that the Court pronounced sentence.” Id. at 74. The court replied, “OK. Well we have it on the record now you should be alright.” SR. 74.
Based on the foregoing, it is clear that the trial court understood and applied the correct legal standard, and reviewed ev *602 erything which he had been provided by both sides. If we send this back, we are simply wheel-spinning. Plainly the trial judge would simply confirm on the record that the sentencing decision was his own, after review of the record.
Under this court’s precedent, we are not obligated to accept the State’s confession of error. “A confession of error ... is not binding upon an appellate court, and it is the practice of Florida appellate courts not to accept erroneous concessions by the State.” Perry v. State, 808 So.2d 268 (Fla. 1st DCA 2002) (citations omitted); Santiago v. State, 669 So.2d 334, 335 (Fla. 3d DCA 1996). We should affirm instead of reversing for a new sentencing hearing.
I concur with the majority in rejecting the defense argument regarding the interpretation of the sentencing guidelines.[1] Under the applicable version of the guidelines, a calculation is performed which produces a recommended number of state prison months. See § 921.0014, Fla. Stat. (1997).[2] The statute provides, “The recommended sentence length in state prison months may be increased by up to, and including, 25 percent or decreased by up to, and including, 25 percent, at the discretion of the court.” Id. § 921.0014. The statute goes on to say, “A trial court judge may impose a state prison sentence which varies upward or downward by up to, and including, 25 percent from the recommended guidelines state prison sentence without issuing a written statement delineating the reasons for the variation.” Id. § 921.0016.
The defendant maintains that the only recommended sentence under the guidelines is the single figure representing the calculation of state prison months under section 921.0014. The defendant argues that if the trial court exercises its discretion to increase or decrease the sentence by twenty-five percent, then this amounts to a departure sentence which is reviewable by us regarding the sufficiency of the record to support the sentence imposed.
The defendant’s argument is incorrect. The guidelines create a range of recommended sentence length, from twenty-five percent below the state prison months calculation to twenty-five percent above the state prison months calculation. The sentencing judge may select any sentence within that range. See Wick v. State, 651 So.2d 765, 766 (Fla. 3d DCA 1995) (addressing “guidelines sentence” under previous sentencing guidelines). So long as the sentence is within that range, it does not constitute a departure sentence subject to review by us.

. The majority opinion rejects this argument without comment. Majority opinion at 600.

. The defendant’s crime date in the underlying case was April 29, 1998.