994 So.2d 1113 (2007)
Mack ROLLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2721.
District Court of Appeal of Florida, Third District.
May 23, 2007.
Mack Rollins, in proper person.
Bill McCollum, Attorney General, Orlando, and Laura Moszer, Assistant Attorney General, for appellee.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Mack Rollins, appeals the trial court's order denying his Motion for Correction of Sentence filed pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court properly treated as filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm, finding no error. We also conclude that the defendant has abused the judicial process by filing repeated postconviction pleadings in an attempt to relitigate the same issues. Because the defendant has *1114 failed to show good cause for his conduct, we hereby prohibit the defendant from filing any further pro se pleadings or appeals in this court relating to case number 95-21337.

Procedural History
The defendant was charged, tried, convicted, and sentenced to twenty-five years as an habitual felony offender for the offense of aggravated battery with a deadly weapon. On direct appeal, the defendant claimed that (1) the trial court improperly restricted his trial counsel's ability to question the jurors regarding their ability to follow the law of self-defense, and (2) the trial court erred in sentencing him as an habitual offender as he did not qualify to be sentenced as such. This court rejected both arguments and affirmed the judgment and sentence on February 25, 1998. Rollins v. State, 707 So.2d 823 (Fla. 3d DCA 1998).
On June 23, 1998, the defendant filed a pro se motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, the defendant raised several claims of ineffective assistance of trial counsel, as well as a claim directed to the trial court's award of court costs and attorney's fees without "due notice." The trial court conducted an evidentiary hearing and thereafter, denied relief. On January 13, 1999, we affirmed the trial court's denial of the defendant's 3.850 motion, Rollins v. State, 729 So.2d 933 (Fla. 3d DCA 1999), and thereafter, we denied the defendant's motion for rehearing and issued this court's mandate. Undaunted, the defendant filed a motion to recall our order denying his motion for rehearing. The motion was denied on March 15, 1999.
On June 8, 2000, the defendant filed a petition for a writ of habeas corpus with the United States District Court, Southern District of Florida, which was denied on February 8, 2001.
On October 2, 2002, the defendant filed a pro se motion to correct his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800, claiming for a second time that he was improperly sentenced as an habitual felony offender as he lacked the requisite prior conviction, and that his sentence as an habitual felony offender was violative of the prohibition against ex post facto laws. The trial court denied the defendant's motion on October 30, 2002.
On February 10, 2004, the defendant filed another 3.800 motion to correct his sentence, claiming that his sentence as an habitual offender was vindictive. This motion was denied on March 3, 2004, and affirmed by this court on December 1, 2004. Rollins v. State, 888 So.2d 41 (Fla. 3d DCA 2004). After this court issued its mandate, the defendant filed a motion for rehearing and a motion to recall the mandate to allow consideration of the defendant's motion for rehearing. This court denied the motion and reissued a mandate on February 11, 2005.
While the defendant's motion for rehearing was pending, the defendant filed another motion attacking his sentence as an habitual felony offender with the trial court. This motion was denied on January 24, 2005, and was subsequently affirmed by this court. Rollins v. State, 900 So.2d 566 (Fla. 3d DCA 2005). As with the previous appeal, after mandate was issued, the defendant filed a motion for rehearing and a motion to recall the mandate. This court recalled its mandate, denied the motion for rehearing, and issued a new mandate on August 12, 2005.
On September 7, 2006, the defendant filed the motion which is the subject of the instant appeal, objecting again to the enhancement of his sentence as an habitual felony offender. While the motion was filed pursuant to Florida Rule of Criminal Procedure 3.850, the trial court correctly *1115 treated the motion as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800; noted the defendant's four previous motions seeking postconviction relief on the same grounds; concluded that "[t]he defendant is abusing the judicial process by repeatedly filing motions that attempt to litigate issues which have already been decided"; and denied the motion, attaching the prior orders issued by the trial court denying relief. The defendant appeals this order. We affirm, as the claims raised are (1) time barred under 3.850; (2) procedurally barred under 3.800 because they were previously raised and denied; and (3) without merit.
Based upon the trial court's finding that the defendant was abusing the judicial process by attempting to litigate previously raised claims, this court issued a rule to show cause to the defendant to show good cause why he should not be prohibited from filing further pro se matters with this court in case number 95-21337 and why this court should not recommend to the Department of Corrections that it sanction the defendant pursuant to section 944.279, Florida Statutes (2006). We have reviewed the defendant's response and conclude that no good cause has been shown and, therefore, hereby preclude the defendant from filing further pro se appeals or proceedings in this court. See Hepburn v. State, 934 So.2d 515 (Fla. 3d DCA 2005); Steele v. State, 859 So.2d 524 (Fla. 5th DCA 2003). We, however, decline to recommend to the Department of Corrections that it sanction the defendant, preferring, in this case, to leave that decision solely with the Department of Corrections.
Accordingly, we order that henceforth any pleadings or papers filed in this court related to case number 95-21337 must be reviewed and signed by an attorney licensed to practice law in this state, and the Clerk of the Third District Court of Appeal is directed not to accept any further pro se pleadings from the defendant relating to this case.
Affirmed and so ordered.