SAWAYA, J.
Joseph Thompson entered an open plea to the trial court to possession of cannabis in excess of twenty grams, possession of cannabis with intent to sell, and one count of possession of drug paraphernalia. Having previously filed a motion to suppress based on what he perceived to be insuffi-ciencies in the factual allegations of the search warrant to establish probable cause, Thompson entered a plea of no contest to the charges and reserved his right to appeal the trial court’s order denying that motion.
True to his expressed intent to appeal that order, Thompson asks this court to reverse the trial court’s denial of his motion and remand this case with instructions to discharge him. Having thoroughly considered his arguments in support thereof, we decline that request and affirm the order denying his motion to suppress without further comment.
Thompson presents an alternative issue: his convictions for both possession of cannabis in excess of twenty grams and possession of cannabis with intent to sell, which arise from possession of the same cannabis, violate the proscription against double jeopardy. We note, parenthetically, that because Thompson entered an open plea to the charges and there is nothing in the record indicating that Thompson otherwise knowingly waived any double jeopardy violation, he may properly challenge his convictions on double jeopardy grounds. See Melvin v. State, 645 So.2d 448 (Fla.1994); Novaton v. State, 684 So.2d 607 (Fla.1994) (holding that a bargained-for plea waives the right to attack multiple convictions on double jeopardy grounds); Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004); see also Lewis v. State, 827 So.2d 1052 (Fla. 5th DCA 2002).
Resolution of this issue requires analysis of the statutes he was convicted of violating[1] in light of the provisions of section 775.021(4)(b), Florida Statutes (2006), which establish rules of construction to determine if a double jeopardy violation has occurred. Analysis of these statutes, and similar statutes prohibiting possession of drugs other than cannabis, leads to the conclusion that the Legislature did not intend to twice punish the purveyor of illegal drugs who is caught with possession of his wares before he has the chance to sell them. Gibbs v. State, 698 So.2d 1206 (Fla.1997) (holding that convictions for trafficking possession and simple possession of
*358 cocaine offended double jeopardy protections); Paccione v. State, 698 So.2d 252 (Fla.1997); Crites v. State, 959 So.2d 1265 (Fla. 5th DCA 2007); Robinson v. State, 901 So.2d 1027 (Fla. 4th DCA 2005); Williams v. State, 700 So.2d 190 (Fla. 5th DCA 1997). It is not necessary for us to engage in a detailed discussion of that analysis because that is provided in the decisions just cited. Thompson is, therefore, correct in his assertion that convictions for both possession of cannabis in excess of twenty grams and possession of cannabis with intent to sell violate the proscriptions against double jeopardy when, as in the instant case, they are related to the same cannabis. Paccione; Crites; Robinson; Williams. Hence, one of the convictions must be eliminated.
Conceding the error, the State correctly suggests that the proper conviction to eliminate is the one for possession of cannabis over twenty grams. Crites; Williams. Accordingly, the conviction for possession of cannabis over twenty grams is reversed and the sentence imposed for that offense is vacated. The remainder of the judgment and sentences is affirmed. We remand to the trial court to enter a corrected judgment and sentence.
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, C.J. and GRIFFIN, J., concur.

. § 893.13(l)(a)2., Fla. Stat. (2006) (prohibiting possession of cannabis with intent to sell); § 893.13(6)(a), Fla. Stat. (2006) (prohibiting possession of cannabis over twenty grams).