NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MACK ROLLINS, DOC #075405,⁣      )
                         )
         Petitioner,       )
                         )
v.                       )      Case No. 2D14-914
                         )
FLORIDA PAROLE COMMISSION,  )
                         )
         Respondent.     )
                         )

Opinion filed April 15, 2015.

Petition for Writ of Certiorari to the Circuit
Court for the Twentieth Judicial Circuit for
Charlotte County; sitting in its appellate
capacity.

Mack Rollins, pro se.

Sarah J. Rumph, General Counsel, Florida
Parole Commission, Tallahassee, for
Respondent.

ALTENBERND, Judge.

        Mack Rollins seeks certiorari review of the circuit court's order denying his

petition for writ of habeas corpus in which he challenged the revocation of his

conditional release by the Florida Parole Commission ("Commission").[1]  We deny Mr.

Rollins' petition for writ of certiorari, but we write to address one of his claims.  We

conclude that the circuit court did not deprive him of due process or depart from the

essential requirements of the law when it denied the petition without obtaining a

transcript of the relevant revocation hearing.

Mr. Rollins was sentenced to twenty-five years' incarceration as a habitual

offender for an aggravated battery with a deadly weapon that took place in Dade County

in 1995.[2]  The Commission granted him conditional release in July 2011.

In March 2013, the Department of Corrections ("DOC") received a

violation report[3] that alleged that Mr. Rollins had committed four violations of his

conditional release.  The Commission issued a warrant for the retaking of Mr. Rollins

based on these alleged violations.  A parole examiner conducted a final violation

hearing on April 30, 2013.  The examiner found Mr. Rollins guilty of willfully violating

four substantial conditions, all of which related to the four violations alleged in the

violation report.  The examiner recommended that Mr. Rollins' supervision be revoked.

The Commission, tracking the examiner's findings of fact with regard to Mr. Rollins' four

violations, found that Mr. Rollins had willfully violated four substantial conditions of his

conditional release and deemed it to be in the best interest of society and Mr. Rollins

---

[1]Florida's Parole and Probation Commission is now known as the Florida Commission on Offender Review.  § 20.32, Fla. Stat. (2014).  That statutory change occurred after the events that are relevant to this proceeding.

[2]See also Rollins v. State, 994 So. 2d 1113 (Fla. 3d DCA 2007); Rollins v. State, 707 So. 2d 823 (Fla. 3d DCA 1998).

[3]It appears that this violation report had been submitted to the Commission in February 2013.

that he be returned to the custody of the DOC. The Commission accordingly revoked Mr. Rollins' conditional release.

After he was returned to the custody of the DOC and while a prisoner at the Charlotte Correctional Institution, Mr. Rollins challenged the Commission's decision by filing a petition for writ of habeas corpus in the circuit court for Charlotte County. The circuit court denied that petition, and Mr. Rollins now challenges the circuit court's decision by petitioning this court for the issuance of a writ of certiorari. He claims, in part, that he has been denied due process because the circuit court made its decision without requiring the record to be supplemented with a transcript of the final violation hearing.

In this second-tier certiorari proceeding, this court reviews the decision of the circuit court to determine whether it afforded due process and observed the essential requirements of the law. See Fla. Parole Comm'n v. Taylor, 132 So. 3d 780, 783 (Fla. 2014); Mabrey v. Fla. Parole Comm'n, 858 So. 2d 1176, 1181 (Fla. 2d DCA 2003). Under this court's decision in Wilson v. Florida Parole Commission, 944 So. 2d 1111 (Fla. 2d DCA 2006), "[t]he circuit court, sitting in its appellate capacity, is required to review the record considered by the Commission prior to entering its final order." Id. at 1112.

Mr. Rollins has not established that the circuit court failed to review the record considered by the Commission. Significantly, Mr. Rollins did not establish below, and he has not established in this proceeding, that the Commission considered a transcript in reaching its decision or even that the final violation hearing was recorded and transcribed. The appendices provided to this court strongly suggest that the final

- 3 -

violation hearing was not recorded and transcribed and that the examiner instead prepared a summary of the testimony and evidence at the final violation hearing.

Mr. Rollins has not cited any precedent that, either as a matter of due process or as a statutory requirement, compels the examiner to record and transcribe a conditional releasee's final violation hearing for use by the Commission or in any subsequent legal proceeding. Indeed, we have found cases that, although not controlling, logically support the conclusion that due process does not compel the recording and transcription of such a hearing. See Glumb v. Honsted, 891 F.2d 872, 874 (11th Cir. 1990) ("We know of no federal decision requiring a verbatim transcript of parole revocation proceedings. Although under some circumstances the absence of a tape may create sufficient prejudice to justify a new revocation hearing, petitioner has failed to carry his burden of making such a showing." (internal citation and footnote omitted)); see also Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (addressing the minimum requirements of due process that must be met for a parole revocation and listing, among those requirements, "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole"); Tuggle v. Fla. Parole Comm'n, No. 3:12-cv-21-J-34MCR, 2015 WL 82934, at *9 (M.D. Fla. Jan. 7, 2015) (citing Glumb for the proposition that the hearing summary of a state conditional releasee's revocation hearing provided a sufficient record for review and determining that the record fully supported the state circuit court's conclusions); Simpson v. Fla. Parole Comm'n, No. 8:04-CV-1808-T-17EAJ, 2006 WL 923759, at *10 n.1, *10-13 (M.D. Fla. Apr. 10, 2006) (denying a petition for writ of habeas corpus where the summary report of the hearing satisfied the writing requirement enunciated by the Supreme Court in Morrissey).

- 4 -

We recognize that a defendant serving a term of probation imposed by a court receives a judicial hearing in a court of record when he or she is charged with a violation of probation. Conditional release may seem to a releasee to be the same as probation. But the conditional release is authorized by the executive branch of government while the prison sentence imposed by the judiciary has yet to be fully served. The due process rights of the defendant are simply less in such a context. Although we cannot rule out that in a very rare circumstance a releasee whose conditional release has been revoked might present case-specific proof of prejudice arising from the lack of a transcript of a final violation hearing, see, e.g., Glumb, 891 F.2d at 874 & n.3, this is not such a rare case. The circuit court did not deny Mr. Rollins due process or depart from the essential requirements of the law by reviewing the examiner's summary of the testimony and evidence rather than ordering that the record be supplemented with a transcript of the final violation hearing.

Petition for writ of certiorari denied.

CRENSHAW and MORRIS, JJ., Concur.