# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1804
_____

TRAYVIS DEVONNE SHAW, JR.,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.
_____

Petition for Belated Appeal—Original Jurisdiction.


October 31, 2018


WINOKUR, J.

Petitioner Trayvis Shaw, Jr. seeks a belated appeal of his 2016 conviction and forty-year sentence for robbery with a firearm. A special master recommended that Shaw be granted a belated appeal. We disagree, and deny the petition.

During his robbery trial, after the jury left the courtroom to begin deliberations, Shaw fled the courthouse. When court reconvened after the jury reached a verdict, Shaw could not be located. The court proceeded without Shaw, and the jury found him guilty as charged of both counts. The court then sentenced Shaw, but did not orally pronounce that Shaw had thirty days to appeal the judgment and sentence.

Two and a half months later, Shaw was arrested for absconding, and began serving his sentence. Shaw later petitioned for a belated appeal on two grounds: first, that prior to absconding on the day of his trial, he had directed his counsel to appeal any adverse verdict; and second, that the trial court failed to "advise" him of his right to appeal during sentencing.

During a hearing on the petition, trial counsel testified that Shaw never asked him at any time to file an appeal of a potential conviction. The special master found Shaw's assertion that he asked trial counsel to file an appeal not credible, and accepted trial counsel's contrary testimony. However, the special master nonetheless recommended that Shaw be granted a belated appeal because the trial court failed to orally pronounce Shaw's right to appeal.[1] The special master supported this conclusion with three reasons: first, counsel should not have consented to sentencing on the day of trial and Shaw's appellate rights "would have been better protected" had he not; second, family members of Shaw were present at trial and they were never made aware that Shaw could appeal; and third, trial counsel could have just filed a notice of appeal without Shaw's consent. None of these reasons supports belated appeal.

Regarding the first and third reasons, neither is related to the trial court's failure to orally pronounce Shaw's right to appeal. While one can argue that trial counsel should have attempted to postpone sentencing, this has nothing to do with the

---

[1] The record indicates that neither the State Attorney nor the Attorney General filed a response to the Report and Recommendation of the Special Master. While this lack of response could be viewed as a concession by the State that a belated appeal should be granted, this Court is not bound to accept improper concessions by the State. *Perry v. State*, 808 So. 2d 268, 268 (Fla. 1st DCA 2002). The order from this Court referring the matter to the special master makes clear that this Court determines whether Shaw is entitled to a belated appeal after considering the report and any response. As such, neither the special master's recommendation, nor the lack of response, is dispositive.

trial court failing to pronounce the right to appeal.[2] The same is true with the special master's third reason. The possibility that counsel could simply have filed a notice of appeal without any direction from Shaw has nothing to do with pronouncement of the right to appeal; in fact, it has nothing to do with Shaw's right to a belated appeal at all. If the possibility that counsel could have filed a notice of appeal without the defendant's instruction (or even knowledge) shows that belated appeal should be granted, then virtually every belated-appeal petitioner would be entitled to one.

The special master also concluded that Shaw's family members present at trial were never made aware of Shaw's appellate rights. The implication is that family members could have asked trial counsel to appeal if the trial court had rendered this information. Trial counsel is not obligated to appeal merely because family members ask him for an appeal.[3] This reason does not support belated appeal.

The real question presented here is whether a defendant is entitled to a belated appeal when the court does not pronounce the right to appeal at sentencing, when the defendant has absconded and is not present at sentencing. Despite case law holding that a defendant is entitled to a belated appeal if the court fails to pronounce this right, the special master noted

---

[2] Nor does this fact generally entitle Shaw to a belated appeal. The mere fact that Shaw's counsel declined to postpone sentencing does not demonstrate that a belated appeal is called for.

[3] The attorney-client relationship requires that lawyers follow their client's directives. *See* R. Regulating Fla. Bar 4-1.2. Similarly, the rules of professional conduct require a lawyer to ensure that "there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship" and that confidentiality is maintained. R. Regulating Fla. Bar 4-1.8(f)(2). These requirements are inconsistent with the notion that lawyers must file a notice of appeal at the directive of any individual aside from their client.

3

correctly that such case law is factually distinguishable from Shaw's case because the defendants there were present to hear the court's advice.[4] This should have ended the inquiry. Notification of the right to appeal is required *advice* to the defendant.[5] If the defendant is absent, there is no one to advise, and the failure to present the advice is harmless. The court is not required to give advice to an empty chair. Granting a belated appeal in this circumstance is elevating form over substance. Accordingly, Shaw is not entitled to a belated appeal, and the petition is DENIED.

LEWIS and WETHERELL, JJ., concur.

---

[4] *See Polk v. State*, 884 So. 2d 498, 499 (Fla. 5th DCA 2004) ("[W]e grant the petition for writ of habeas corpus for belated appeal because [the defendant] was not *advised* at the time of sentencing that a thirty-day time limit existed within which an appeal must be filed."); *Bowden v. Singletary*, 805 So. 2d 812, 812 (Fla. 3d DCA 1999) ("Bowden was not *informed* of his right to file a notice of appeal within thirty days of rendition, and he is therefore entitled to a belated appeal."); *Williams v. Singletary*, 723 So. 2d 923 (Fla. 3d DCA 1999) ("Because the trial court failed to *inform* the defendant of her right to appeal . . . we grant the defendant's petition for belated appeal") (all emphasis added).

[5] Florida Rule of Criminal Procedure 3.670 requires a trial court when rendering a conviction to "forthwith *inform the defendant* concerning the rights of appeal therefrom, including the time allowed by law for taking an appeal." (Emphasis added.) Accordingly, Florida courts have emphasized that the rule requires that defendants be "advised" or "informed" of their appellate rights. *See* cases cited *supra* n. 4. Thus, Rule 3.670 presumes that a defendant is present during sentencing and that is why, in these above-cited cases, the defendants were granted their petitions for belated appeal. In this case, however, whether the trial court orally pronounced that Shaw had thirty days to appeal his sentence or not, the result is the same: he would not have been informed of his appellate rights since he fled the courtroom before sentencing.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Christopher J. Jones of the Law Offices of Edwards and Jones, Gainesville, for Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and William P. Cervone, State Attorney, Gainesville, for Respondent.