502 So.2d 40 (1987)
Michael K. REILLY, Appellant,
v.
FLORIDA STATE HOSPITAL, Appellee.
Nos. BM-409, BQ-68.
District Court of Appeal of Florida, First District.
January 23, 1987.
Michael K. Reilly, Pro. Per.
Peggy Sanford, Hospital Legal Counsel, Florida State Hospital, Chattahoochee, for appellee.
*41 PER CURIAM.
This cause is before us on appeal from final orders entered pursuant to Section 916.107(3), Florida Statutes (1985), authorizing treatment and approving the continuation of treatment to be administered to appellant[1] without his express and informed consent. We must reverse because there was no determination made below that "the treatment not consented to is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects" as required by Section 916.107(3).
Section 916.107(3)(a)3 provides, in pertinent part with emphasis added, the following:
At the hearing on the issue of whether the court should enter an order authorizing treatment for which a patient has refused to give express and informed consent, the court shall determine by clear and convincing evidence that the patient is mentally ill or mentally retarded as defined in this chapter, that the treatment not consented to is essential to the care of the patient, and that the treatment not consented to is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects. In arriving at the substitute judgment decision, the court must consider at least the following factors:
a. The patient's expressed preference regarding treatment;
b. The probability of adverse side effects;

c. The prognosis without treatment; and
d. The prognosis with treatment.
The trial court's order approving treatment and order approving continuation of treatment, although making other required findings, do not specifically find that the treatment is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects. Moreover, even though the trial court's order indicates that the probability of adverse side effects was considered, we find no record evidence upon which such a consideration could have been based. The attending psychiatrist testified but was not asked the pertinent questions, and no other evidence was introduced on this statutorily required finding.
We must reverse and remand for further proceedings consistent herewith.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.
NOTES
[1] Appellant, who had been charged with aggravated battery, was declared incompetent to stand trial and was committed to the Department of Health and Rehabilitative Services on December 26, 1984. After being admitted to the Florida State Hospital, commitment was extended for one year.