PER CURIAM.
This is an appeal by the respondent L.S. from a juvenile delinquency adjudication for unlawful possession of cannabis which was entered below based on a nolo contendere plea in which the respondent reserved for appeal the denial of his motion to suppress. We affirm based on a holding that (a) the arresting police officer had a reasonable suspicion of criminal activity when he ordered the respondent and his companion out of their car — namely, that the car with its two occupants was parked at 9:45 P.M. in a Texaco gas station which was closed for business at the time, thereby presenting a prima facie trespass of private property in a commercial area which was also generally closed for business, State v. Kibbee, 513 So.2d 256 (Fla. 2d DCA 1987); (b) the police officer thereafter conducted a reasonable search of the passenger compartment of the car based on the officer’s plain view observation of two mini-manila envelopes which the officer recognized, based on his law enforcement experience, as common containers for cannabis; P.L.R. v. State, 455 So.2d 363 (Fla. 1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); Lachs v. State, 366 So.2d 1223 (Fla. 4th DCA 1979); see Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985); and (c) the trial court therefore properly denied the respondent’s motion to suppress the subject cannabis which was seized from the mini-manila envelopes during the aforesaid search. We have not overlooked the state’s confession of error in this case, but are neither persuaded nor bound thereby.
Affirmed.