584 So.2d 169 (1991)
Rex MEEKER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2607.
District Court of Appeal of Florida, First District.
August 12, 1991.
Rehearing Denied September 3, 1991.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
M. Gene Stephens, Asst. Hosp. Atty., Florida State Hospital, Chattahoochee, for appellee.
WENTWORTH, Senior Judge.
This is an appeal from a circuit court order authorizing a specified drug treatment for the appellant Meeker, a patient committed to Florida State Hospital pursuant to Ch. 916, F.S. We reverse because the record before us does not show that the specific drug treatment ordered by the court was "treatment ... deemed necessary by the patient's multidisciplinary treatment team at the forensic facility" (e.s.), within the terms of Sec. 916.107(3)(a), F.S., as follows:
(3) RIGHT TO EXPRESS AND INFORMED CONSENT. 
(a)... . If a patient in a forensic facility refuses such treatment as is deemed necessary by the patient's multidisciplinary treatment team at the forensic facility for the appropriate care of the patient and the safety of the patient or others, such treatment may be provided under the following circumstances:
* * * * * *
3. At the hearing on the issue of whether the court should enter an order authorizing treatment for which a patient has refused to give express and informed consent, the court shall determine by clear and convincing evidence that the patient is mentally ill or mentally retarded as defined in this chapter, that the treatment not consented to is essential to the care of the patient, and that the treatment not consented to is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects. In arriving at the substitute judgment decision, the *170 court must consider at least the following factors:
a. The patient's expressed preference regarding treatment;
b. The probability of adverse side effects;
c. The prognosis without treatment; and
d. The prognosis with treatment. (e.s.)
Appellant controverts the sufficiency of both the order and the record evidence to sustain the findings required by the statute. The order recites the four findings enumerated above, i.e., that the treatment is essential to his care, that it is not experimental, and does not present unreasonable risk of certain side effects, and of course that he is mentally ill as defined. But it makes those findings only by recitation of the statutory language without any indication of what factual circumstances or "clear and convincing evidence" substantiates the stated conclusions. Such findings of merely conclusory character do nothing to facilitate review, or to identify the basis on which the court reached the necessary conclusion. See Reilly v. Florida State Hospital, 502 So.2d 40 (Fla. 1st DCA 1987).
Aside from the facial insufficiency of the order, the significant legal and factual dispute here relates to the entire omission of any evidence that the appellant's "treatment team" had ever "deemed necessary" (or even considered) the administration of the psychotropic drug mandated by the order. The four findings required by Sec. 916.107(3)(a)3, supra, for nonconsensual treatment all relate to "such treatment" as defined in the introductory paragraph of that section, i.e., "such treatment as is deemed necessary by the patient's multidisciplinary treatment team at the forensic facility... ." While omission of explicit reference in the order to team review might arguably be cured by record substantiation of compliance, we find none in the record here.
The testimony of the prescribing physician does on its face adequately support some degree of medical need. And by inference we might, even absent specific testimony, conclude as appellee urges that the prescribing physician was a member of the treatment team. Even further assuming, without deciding, that the treatment team might have delegated to the treating physician blanket authority to administer nonexperimental drugs, no such delegation was alleged or proven.
We recognize, of course, that the treatment team in a forensic facility may consist of many professional disciplines, and that only those members who are physicians may prescribe drugs. But we are nevertheless obliged to accord some effect to the legislative choice of terms when it provided that the only treatment which may be judicially compelled pursuant to the statute, supra, is treatment "deemed necessary by the treatment team." We are unable to find in the record here any compliance in form or substance with that requirement. Neither testimonial nor documentary evidence indicates notice to or knowledge by the treatment team that the specified drug was prescribed, the record showing only that the team concluded some months before the hearing that continued "evaluation and treatment" was necessary for appellant.
The conceded facts are that at the time of transfer to the facility and during this current hospitalization appellant had not been medicated, that he had cooperated with other modalities of treatment deemed necessary by the treatment team, and that there existed no emergency dictating the particular contested drug.
We therefore reverse and remand for further proceedings consistent herewith.
WIGGINTON and WOLF, JJ., concur.