699 So.2d 735 (1997)
Earnest HILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1107.
District Court of Appeal of Florida, First District.
August 5, 1997.
Nancy A. Daniels, Public Defender, and Marcia M. Perlin, Assistant Public Defender, Tallahassee, for appellant.
Lawrence F. Kranert, Jr., Legal Counsel, Florida State Hospital, Chattahoochee, for appellee.

*736 ON APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE

PER CURIAM.
Earnest Hills appeals a final order approving treatment pursuant to section 916.107(3), Florida Statutes. By unpublished order, we previously denied appellee's motion to dismiss, in which it was argued that the trial court's order was nonfinal and not otherwise appealable since, under section 916.107(3), it was only effective for a period of 90 days, and appellee could once again petition to continue treatment once the term of treatment authorized by the order on appeal expired. We reiterate our conclusion that this potentiality does not render the order at issue nonfinal, since it clearly marked an end to judicial labor as to the matters then pending before the trial court.
However, in the order denying appellee's motion to dismiss, we sua sponte directed appellant to show cause why the appeal should not be dismissed as moot in that the term of treatment authorized by the trial court's order had now, in fact, expired. Having considered appellant's response, we conclude that in light of collateral legal consequences arising from the lien provisions of section 402.33(8), Florida Statutes, the appeal is not moot, and we therefore discharge the order to show cause. See Godwin v. State, 593 So.2d 211 (Fla.1992); see also, Ozbourn v. State, 651 So.2d 795 (Fla. 1st DCA 1995). We take this opportunity to suggest, however, that motions to expedite appeals such as this would be well-taken, and would be consistent with counsel's obligation to zealously pursue the interests of her client. As this case illustrates, any substantive relief to which appellant may be entitled with respect to the course of treatment authorized by the trial court's order has been rendered largely illusory by the passage of time.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.