705 So.2d 951 (1998)
Reginald VAUGHN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3101.
District Court of Appeal of Florida, First District.
January 12, 1998.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Lawrence F. Kranert, Jr. of Florida State Hospital, Chattahoochee, for Appellee.
PER CURIAM.
The appellant challenges an order authorizing medical treatment without his consent, for a period of time while he was confined in the Florida State Hospital by commitment pursuant to chapter 916, Florida Statutes. Although purporting to authorize treatment in accordance with section 916.107(3), Florida Statutes, the order is inadequate in this regard as it does not comport with the minimal requirements delineated in Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991).
The court made findings by recitation of the statutory language of section 916.107(3)(a)3 in the challenged order, without any indication of the factual circumstances or evidence which would substantiate these findings. As in Meeker, such conclusory findings cause the order to be facially insufficient. Furthermore, the court made no reference to the appellant's multidisciplinary treatment team in the order, or whether the team had deemed the treatment to be necessary as required by section 916.107(3)(a). And again as in Meeker, such a finding could not be substantiated in the present case upon the record evidence.
The appealed order is therefore reversed.
ALLEN, WEBSTER and DAVIS, JJ., concur.