704 So.2d 1145 (1998)
Erin SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1778.
District Court of Appeal of Florida, First District.
January 30, 1998.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Lawrence F. Kranert, Jr., Chattahoochee, for appellee.
PER CURIAM.
Erin Simpson appeals an order which authorized doctors at Florida State Hospital to treat her with various medications. We reverse.
Simpson was committed to Florida State Hospital pursuant to chapter 916, Florida Statutes, after being found incompetent to proceed to trial. The only treatment which may be judicially imposed after commitment, pursuant to chapter 916 is that authorized under section 916.107(3), and after such treatment is deemed necessary by the "treatment team." See Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991); see also Vaughn v. State, 705 So.2d 951 (Fla. 1st DCA 1998). As in Meeker, there is no record evidence of the existence of a "treatment team" or that such a team deemed the treatment at issue to be necessary. Accordingly, we reverse.[1]
MINER and WOLF, JJ., and SHIVERS, Senior Judge, concur.
NOTES
[1] Simpson has already been released from commitment and therefore, the only apparent effect of this decision is to prevent future collateral legal consequences. See Hills v. State, 699 So.2d 735 (Fla. 1st DCA 1997); Ozbourn v. State, 651 So.2d 795 (Fla. 1st DCA 1995).