MICKLE, Judge.
Willie Moreland appeals an order that authorized medical treatment without his consent for a period of time while he was confined in the Florida State Hospital by commitment pursuant to chapter 916, Florida Statutes. Although the order purports to authorize treatment in accordance with section 916.107(3)(a), Florida Statutes (Supp.1996), we conclude that the order is inadequate for failure to satisfy the minimum statutory requirements delineated in Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991). Accordingly, we reverse the order. See Vaughn v. State, 705 So.2d 951 (Fla. 1st DCA 1998).
The appellant was a “forensic patient” committed to Florida State Hospital pursuant to chapter 916, Florida Statutes, after being found incompetent to proceed to trial. Although the appellant was discharged from the Florida State Hospital after the issuance of the appealed order and was placed in the custody of the Brevard County Sheriffs Department “for return to court,” the issue in this appeal is not moot. See Hills v. State, 699 So.2d 735 (Fla. 1st DCA 1997) (appeal of a final order approving treatment was not moot despite the lapse of the 90-day effective period of the order, in light of collateral legal consequences arising from the statutory provisions entitling the Department of H.R.S. to a lien on a client’s property for unpaid fees or for services provided by the Department).
Under the circumstances presented below, the only treatment that could be judicially imposed after commitment, pursuant to chapter 916, was that which was authorized under section 916.107(3)(a)2, Florida Statutes (Supp.1996), after such treatment was deemed necessary by the patient’s “multidisciplinary treatment team at the forensic facility.” See Vaughn, supra; Simpson v. State, 704 So.2d 1145 (Fla. 1st DCA 1998); Meeker. Although some evidence in the record arguably supports the trial court’s finding that the dialysis treatment in question was essential and necessary, the record contains no evidence whatsoever that there was a “multidisciplinary treatment team” or that such a team deemed the appellant’s treatment to be necessary. Such an omission in the record is contrary to the statutory requirements and mandates reversal of the order. Vaughn; Simpson; Meeker.
The order is REVERSED.
KAHN and LAWRENCE, JJ., concur.