LAWRENCE, Judge.
Earnest Hills (Hills), a resident of the state psychiatric hospital, appeals an emergency treatment order. We reverse.
Hills resides on the forensic unit of the state hospital. (Hills is charged with the first-degree murder of his wife.) Hills initially consented to his treatment for bipolar *104 disorder, but after treatment began, became violent and refused medication. Hills’ psychiatrist petitioned for, and the trial judge ordered, in a February 20,1997 order, emergency treatment for ninety days. The order is premised on section 916.107, Florida Statutes (1995).
Section 916.107 provides in relevant part: Rights of forensic clients.—
[[Image here]]
(3) RIGHT TO EXPRESS AND INFORMED CONSENT.—
(a) A person committed to the department pursuant to this act shall be asked to give express and informed written consent for treatment. “Express and informed consent” or “consent” means consent given voluntarily in writing after a conscientious and sufficient explanation and disclosure of the purpose of the proposed treatment, the common side effects of the treatment, if any, the expected duration of the treatment, and any alternative treatment available. If a patient in a forensic facility refases such treatment as is deemed necessary by the patient’s multidisciplinary treatment team at the forensic facility for the appropriate care of the patient and the safety of the patient or others, such treatment may be provided under the following circumstances....
(Emphasis added.) We held, in Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991), applying section 916.107,[1] that the evidence was not sufficient to show that a patient’s “treatment team” had deemed necessary the administration of the psychotropic drug mandated by the trial court’s order. The instant record, like that in Meeker, is devoid of any evidence that Hills’ treatment team deemed necessary or delegated to the physician the treatment decision mandated in the order under review.
We therefore reverse and remand for consistent proceedings.
KAHN and MICKLE, JJ., concur.

. The language of subsection (3) remains the same as that interpreted in Meeker. Compare § 916.107, Fla. Stat. (1991) with § 916.107, Fla. Stat. (1995).