VAN NORTWICK, Judge.
Ralph Dinardo, a forensic patient committed to a state mental health facility, appeals an order authorizing the Florida Department of Children and Families to provide him involuntary treatment, consisting of the administration of stated quantities of the psychotropic medications, Clozaril, Olanzaphine, Ativan and Cogen-tin, which the trial court found essential to the care of the appellant’s mental illness. Because the record contains competent, substantial evidence sufficient to establish the necessity for the authorized treatment pursuant to section 916.107(3), Florida Statutes (1997), including evidence that the appellant’s multidisciplinary treatment team deemed the authorized treatment necessary, we affirm.
In affirming, we distinguish Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991), and Vaughn v. State, 705 So.2d 951 (Fla. 1st DCA 1998).[1] In both Meeker and Vaughn, we reversed orders authorizing involuntary treatment under chapter 916 because the record in each case failed to contain evidence substantiating compliance with the statutory requirement that the treatment was “deemed necessary by the patient’s multidisciplinary treatment team.” See § 916.107(3)(a), Fla. Stat. (1997). In both cases we also found inadequate the trial court’s conclusory findings, which, as described by the Meeker court, did “nothing to facilitate review, or to identify the basis on which the court reached the necessary conclusion.” Meeker, 584 So.2d at 170. The Meeker court also observed that:
While omission of explicit reference in the order to team review might arguably be cured by record substantiation of compliance, we find none in the record here.
Id. Similarly, the Vaughn court concluded that, in view of the conclusory findings in the order before it, “the order is inadequate ... as it does not comport with the minimum requirements delineated in *289 Meeker. ...” Vaughn, 705 So.2d at 951. Vaughn also ruled “again as in Meeker, such a finding [of compliance with the requirements of section 916.107(S)(a) ] could not be substantiated in the present case upon the record evidence.” Id. It is significant that in both Meeker and Vaughn neither the record nor the order contained any reference to a multidisciplinary treatment team.
Section 916.107(3)(a)3 requires the trial court to determine by clear and convincing evidence (i) that the patient is mentally ill or mentally retarded as defined in chapter 916; (ii) that the treatment not consented to is essential to the care of the patient; and (iii) that the treatment not consented to is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects. Other than these ultimate findings, however, the statute does not require the trial court to make any more specific findings of fact. The absence of additional findings, by itself, does not require reversal. See, e.g., Bader v. Bader, 639 So.2d 122, 124 (Fla. 2d DCA 1994); Murphy v. Murphy, 621 So.2d 455, 457-58 (Fla. 4th DCA 1993), rev. granted, 630 So.2d 1100 (Fla.1993), rev. denied, 640 So.2d 1107 (Fla.1994).
On appellate review, the record must contain competent, substantial evidence to support the trial court’s findings and to substantiate compliance with section 916.107, including evidence -that the treatment is deemed necessary by the patient’s multidisciplinary team, that the patient has refused to give express and informed consent as defined in the statute, and that the trial court has considered at least the four factors specified in clauses ad of section 916.107(3)(a)3. See also Hills v. State, 706 So.2d 103 (Fla. 1st DCA 1998); Moreland v. State, 706 So.2d 71 (Fla. 1st DCA 1998); Simpson v. State, 704 So.2d 1145 (Fla. 1st DCA 1998). Below, the testimony of appellant’s attending psychiatrist, who was also a member of appellant’s treatment team, provided the evidence to substantiate compliance with the requirements of the statute. We note that this psychiatrist specifically testified that the medication listed in the order on appeal “had been discussed with and found necessary by [the appellant’s] treatment team.” Contrary to appellant’s argument, testimony from all treatment team members is not necessary to establish compliance with the mandates of section 916.107(3). Appellant, of course, was free to call other members of the treatment team as witnesses.
In the instant case, unlike Meeker and Vaughn, the clear and undisputed evidence in the record facilitates appellate review. In the order on review, the trial court makes the ultimate determinations required by section 916.107(3)(a)3; and competent, substantial evidence in the record substantiates compliance with the requirements of section 916.107. Accordingly, we affirm.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.

. Appellee mistakenly concedes that Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991), and Vaughn v. State, 705 So.2d 951 (Fla. 1st DCA 1998) compel reversal here. A legally incorrect confession of error is not binding upon or required to be accepted by an appellate court. See Santiago v. State, 669 So.2d 334, 335 (Fla. 3d DCA 1996); L.S. v. State, 547 So.2d 1032 (Fla. 3d DCA 1989).