893 So.2d 588 (2004)
Antonio FLOYD, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D04-3616.
District Court of Appeal of Florida, First District.
November 19, 2004.
Opinion Granting Rehearing and Denying Belated Appeal February 2, 2005.
Antonio Floyd, pro se, petitioner.
Charlie Crist, Attorney General, and Elizabeth Fletcher-Duffy, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
The petition for belated appeal is denied.
ERVIN, BARFIELD and KAHN, JJ., concur

OPINION ON MOTION FOR REHEARING
We previously disposed of a petition for belated appeal without comment. We now grant petitioner's motion for rehearing to *589 explain our reasoning, but deny the petition for belated appeal.
Petitioner seeks belated appeal of an order which denied a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The order was filed with the clerk of the circuit court on October 13, 2003, when it was rendered as defined by Florida Rule of Appellate Procedure 9.020(h). Accordingly, petitioner had 30 days from that date, until November 12, 2003, to file a timely notice of appeal. Petitioner states that he was in transit between prisons when the rule 3.850 motion was denied and that he did not receive the order until October 31. Petitioner states that this was the last day for timely filing a motion for rehearing under rule 3.850(g). On November 3, 2003, petitioner wrote to the circuit court to indicate his intent to file a motion for rehearing. Petitioner states that his motion for rehearing was filed on November 13. The circuit court denied the motion for rehearing on December 2, 2003. Petitioner filed a notice of appeal on December 30, 2003. That appeal was dismissed as untimely. See Floyd v. State, 880 So.2d 796 (Fla. 1st DCA 2004).
An order to show cause issued on the petition for belated appeal. In response, the state asserted that it was not able to demonstrate through prison mail logs that petitioner received the October 13, 2003, order denying his motion and had no further information available to explain why petitioner did not receive the order in the mail. The state asserted that it could not show cause why petitioner should not be entitled to belated appeal. Petitioner now files a motion for rehearing citing the state's failure to challenge his petition.
This court is not bound by the state's lack of an objection. See State v. Lozano, 616 So.2d 73 (Fla. 1st DCA 1993); L.S. v. State, 547 So.2d 1032 (Fla. 3d DCA 1989). Petitioner conceded that on October 31, 2003, he received a copy of the October 13, 2003, final order. Clearly, at that point petitioner had time to file a timely notice of appeal. Instead, he sent a letter to the circuit court on November 3, 2003, stating that he intended to file a motion for rehearing. Rule 3.850(g) provides that a motion for rehearing must be filed within 15 days of rendition of the order or within 18 days if the order was served by mail. Fla. R.Crim. P. 3.070; Whipple v. State, 867 So.2d 433 (Fla. 1st DCA 2004). Because neither the letter nor the subsequently filed motion for rehearing was timely, the time for filing the notice of appeal was not tolled. Childs v. State, 649 So.2d 349 (Fla. 1st DCA 1995) (holding that an untimely motion for rehearing does not toll the time to file a notice of appeal). Petitioner's decision to file an untimely motion for rehearing, instead of filing a timely notice of appeal does not entitle him to a belated appeal.
MOTION FOR REHEARING GRANTED. PETITION DENIED.
ERVIN, BARFIELD and KAHN, JJ., concur.