WARNER, J.
This appeal challenges an order of the trial court authorizing psychiatric medication and treatment for appellant, Lud-wige Louisma, an individual who was adjudicated incompetent to proceed to trial in a criminal matter and committed to the Department of Children and Families. He claims that no competent substantial evidence supports the finding that the involuntary administration of psychotropic medication was deemed necessary and essential by his multidisciplinary team, as required by section 916.107, Florida Statutes. Because there was no evidence that the testifying physician was a member of the team or that he discussed the need for medication with the team, we agree and reverse.
In August 2010, the circuit court adjudicated appellant incompetent to proceed in a criminal matter and committed him to the custody of the Department of Children and Families. A month later, Treasure Coast Forensic Treatment Center (“TCFTC”), the treatment center where appellant was under care, filed a petition for an order authorizing medical treatment, because appellant had refused to give express and informed consent to the treatment that TCFTC’s mental health professionals had recommended. This included the administration of anti-psychotic medications. Attached to the petition were the written opinions of two psychiatrists employed at TCFTC — Dr. LoPic-colo and Dr. Zawadzki — who each gave opinions consistent with the allegations in the petition. However, neither opinion stated whether the doctors were members of appellant’s multidisciplinary treatment team.
The case proceeded to a hearing before a magistrate in September 2010. At the hearing on the petition, Dr. LoPiecolo testified that he diagnosed appellant with psycho-effective disorder, bipolar type. He further opined that the diagnosis was made within a reasonable degree of medical certainty, and that appellant’s condition qualified as a mental illness under chapter 916, Florida Statutes. Dr. LoPiecolo developed a pharmaceutical treatment plan that would assist appellant in gaining competency. Appellant had at first consented to the administration of the drugs, but then refused further drug treatment. On cross-examination Dr. LoPiecolo was asked if he was a member of the team that meets with appellant. Dr. LoPiecolo did not directly answer the question, but instead responded as follows: “I am the medical executive director of the facility.” Dr. Lo-Piccolo explained that he was “covering for” appellant’s psychiatrists at the time.
*52 When Dr. LoPiccolo first met with appellant, he observed that appellant was in a catatonic state. Appellant required several emergency treatment orders because he was not eating or taking fluids. Those emergency treatments brought appellant out of the catatonia. Dr. LoPiccolo testified that appellant’s chance of recovery without medication was poor, but his chance of recovery with medication was very good. Dr. LoPiccolo admitted that appellant’s catatonia had not returned even though appellant was not on medication. However, Dr. LoPiccolo explained that appellant could slip back into it.
Appellant also testified and continued his objection to the administration of the drugs. He claimed that he had been “faking” his medical condition and did not need the drugs.
At the close of the hearing, the magistrate granted the petition, finding that the medication was necessary for appellant to gain competency. The magistrate’s report listed Dr. LoPiccolo as the “Multidisciplinary Treatment Team Physician.” The order further stated that the treatment was necessary for the appellant’s mental illness and did not present any unreasonable risk of harm and that based upon Dr. LoPic-colo’s testimony, appellant was in immediate need of psychiatric medication and treatment pursuant to section 916.107(8)(a), Florida Statutes (2010). The circuit court adopted the magistrate’s report and recommended order authorizing treatment. This appeal follows.
Section 916.107(3)(a), provides that “[a] forensic client shall be asked to give express and informed written consent for treatment.” However, “[i]f a client refuses such treatment as is deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client,” such treatment may be provided under certain statutorily enumerated circumstances. § 916.107(3)(a), Fla. Stat. (2010) (emphasis added). For the court to enter an order authorizing treatment for which a client was unable to or refused to give express and informed consent, the court must determine by clear and convincing evidence “that the client has mental illness, retardation, or autism, that the treatment not consented to is essential to the care of the client, and that the treatment not consented to is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects.” § 916.107(3)(a)3., Fla. Stat. (2010).
On appellate review of an order requiring a forensic patient to accept involuntary psychotropic treatment, “the record must contain competent, substantial evidence to support the trial court’s findings and to substantiate compliance with section 916.107.” Dinardo v. State, 742 So.2d 287, 289 (Fla. 1st DCA 1998). This requires the record to contain evidence “that the treatment is deemed necessary by the patient’s multidisciplinary team, that the patient has refused to give express and informed consent as defined in the statute, and that the trial court has considered at least the four factors specified in clauses ad of section 916.107(3)(a)3.” Id.
This record shows that the statutory requirements were not fulfilled. Case law requires that at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment be presented. In Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991), the First District reversed an order which authorized specified drug treatment for a patient committed at a hospital, finding that the record did not show that the specific drug treatment ordered by the ti'ial court was “treatment ... deemed necessary by the patient’s multidisciplinary treatment team at the forensic facility” *53 within the terms of section 916.107(3)(a). Noting that the physician who testified did state the necessity of such treatment, nevertheless the statute required evidence that the treatment team found the medication necessary:
The testimony of the prescribing physician does on its face adequately support some degree of medical need. And by inference we might, even absent specific testimony, conclude as appellee urges that the prescribing physician was a member of the treatment team. Even further assuming, without deciding, that the treatment team might have delegated to the treating physician blanket authority to administer non-experimental drugs, no such delegation was alleged or proven.
We recognize, of course, that the treatment team in a forensic facility may consist of many professional disciplines, and that only those members who are physicians may prescribe drugs. But we are nevertheless obliged to accord some effect to the legislative choice of terms when it provided that the only treatment which may be judicially compelled pursuant to the statute, supra, is treatment “deemed necessary by the treatment team. ” We are unable to find in the record here any compliance in form or substance with that requirement.
Id. at 170 (emphasis added). See also Vaughn v. State, 705 So.2d 951 (Fla. 1st DCA 1998) (holding that treatment order’s conclusory findings failed to comport with the requirements delineated in Meeker where the lower court made no reference to the multidisciplinary treatment team in the order or whether the team had deemed the treatment to be necessary as required by section 916.107, and such a finding could not be substantiated based upon record evidence); Hills v. State, 706 So.2d 103 (Fla. 1st DCA 1998) (holding that record was devoid of any evidence that patient’s treatment team deemed necessary or delegated to the patient’s psychiatrist the treatment decision).
Similarly, in Ungerbuehler v. State, 729 So.2d 954 (Fla. 1st DCA 1998), the First District reversed an order authorizing medical treatment without the patient’s consent, holding that the State “presented absolutely no evidence that the multidisciplinary team deemed the treatment to be necessary, as required by section 916.107(3)(a), Florida Statutes.” Id. at 954. The court reasoned: “The psychiatrist, the only person who testified in the instant case, did not indicate that she spoke on behalf of the multidisciplinary team, nor was there testimony that the psychiatrist had discussed the necessity of medication with the treatment team.” Id. at 954-55.
Even Dinardo v. State, 742 So.2d 287 (Fla. 1st DCA 1998), cited by the state, fails to support a finding that the record is adequate in this case. There, the First District found that the record did contain competent substantial evidence that Dinar-do’s multidisciplinary team had found the medications necessary. Dinardo’s attending psychiatrist, a member of his multidisciplinary team, testified that “medication listed in the order on appeal ‘had been discussed with and found necessary by [the appellant’s] treatment team.’ ” Id. at 289. In contrast, Dr. LoPiccolo was not appellant’s attending psychiatrist and did not testify that he was a member of the multidisciplinary team or that he had discussed the need for the medication with the team.
Because the record is devoid of evidence complying with the statutory requirement that the appellant’s multidisciplinary team deemed the treatment requested to be necessary, we reverse the order authorizing *54 treatment and remand for further proceedings.
POLEN, J., and EHRLICH, MERRILEE, Associate Judge, concur.