PER CURIAM.
Appellant, Don Morgan, appeals an order of the trial court authorizing his treatment with psychiatric medications. Morgan had been committed after he was found not guilty by reason of insanity. He claims that it was not shown by competent substantial evidence that his multidisciplinary team deemed the involuntary administration of psychotropic medication necessary and essential as required by section 916.107, Florida Statutes (2011). The state argues that the issues in this case are res judicata because they were decided in a prior petition for order authorizing treatment of Morgan. We reverse.
Section 916.107(3)(a), Florida Statutes (2011), provides in relevant part:
(a) A forensic client shall be asked to give express and informed written consent for treatment. If a client refuses such treatment as is deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client, such treatment may be provided under the following circumstances:
[[Image here]]
2. In a situation other than an emergency situation, the administrator or designee of the facility shall petition the court for an order authorizing the necessary and essential treatment for the client. The order shall allow such treatment for a period not to exceed 90 days following the date of the entry of the order. Unless the court is notified in writing that the client has provided express and informed consent in writing or that the client has been discharged by the committing court, the administrator or designee shall, prior to the expiration of the initial 90-day order, petition the court for an order authorizing the continuation of treatment for another 90-day period. This procedure shall be *679 repeated until the client provides consent or is discharged by the committing court.
The trial court entered the prior order authorizing treatment starting on April 28, 2011, and for ninety days thereafter. The petition in this case was filed on August 10, 2011, more than ninety days after the prior order was entered. Thus, this petition was not a petition for the continuation of the previous order as provided in section 916.107(3)(a)2. It was a new petition for an order authorizing treatment for a new ninety-day period. In order for res judicata to apply, among other conditions, “identity of the thing sued for” must exist. Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216, 1235 (Fla.2006) (quoting Albrecht v. State, 444 So.2d 8, 12 (Fla.1984)). The petition to authorize treatment was for a different ninety-day period and is therefore not the same thing sued for previously. Therefore, it was necessary for the state to prove compliance with section 916.107(3)(a), Florida Statutes (2010).
Treasure Coast Forensic Treatment Center (“TCFTC”), the facility where Morgan was receiving care, petitioned the court for an order authorizing medical treatment including the administration of psychotropic medications because Morgan had refused to give express and informed consent to treatment in writing as required by section 916.107(3)(a). TCFTC attached opinions from two mental health professionals who gave opinions supporting the allegations in the petition. The opinions are in the form of preprinted opinions signed by a psychiatrist with Morgan’s name filling in the blank for the name of the respondent. The signatures are illegible and the names of the psychiatrists are not printed on the form. The opinions did not state whether the doctors were members of Morgan’s multidisciplinary treatment team.
At the hearing on the petition, Dr. Mike, an expert in psychiatry, testified that Morgan was his patient. Dr. Mike testified that he had diagnosed Morgan’s mental illnesses which qualified as mental illnesses under chapter 916, Florida Statutes. Dr. Mike had developed a pharmaceutical treatment plan that he believed would assist Morgan in gaining mental stability. When he has spoken with Morgan, sometimes he will consent and sometimes he won’t. The proposed treatment was not experimental and did not present a risk for irreversible side effects. Without treatment, Morgan’s prognosis was poor.
At the close of the hearing, the trial court granted the petition finding that there was clear and convincing evidence of each of the factors in section 916.107(3)(a)3. The order listed Dr. Mike as the “Multidisciplinary Treatment Team Physician (Treating Physician).”
Morgan argues that the trial court erred in finding treatment necessary because there was no evidence presented that the treatment was deemed necessary by his multidisciplinary treatment team. “On appellate review of an order requiring a forensic patient to accept involuntary psychotropic treatment, ‘the record must contain competent, substantial evidence to support the trial court’s findings and to substantiate compliance with section 916.107.’ ” Louisma v. State, 78 So.3d 50, 52 (Fla. 4th DCA 2012) (quoting Dinardo v. State, 742 So.2d 287, 289 (Fla. 1st DCA 1998)). The record must contain evidence “that the treatment is deemed necessary by the patient’s multidisciplinary team, that the patient has refused to give express and informed consent as defined in the statute, and that the trial court has considered at least the four factors speci- *680 fled in clauses a-d of section 916.107(3)(a)3.” Dinardo, 742 So.2d at 289.
The record on appeal does not contain any evidence that Morgan’s multidisciplinary team discussed or approved the necessity for this treatment. Even though Dr. Mike testified that the treatment was necessary, this is not sufficient under the statute. See Meeker v. State, 584 So.2d 169 (Fla. 1st DCA 1991) (holding record did not show evidence that patient’s multidisciplinary team deemed treatment necessary or delegated to the patient’s psychiatrist the treatment decision). We reverse the order authorizing treatment and remand for further proceedings.
Reversed and remanded for further proceedings.
GROSS, HAZOURI and CONNER, JJ., concur.