TAYLOR, J.
Appellant Ernest Martin challenges a final order adopting a magistrate’s recommendation that he be subjected to involuntary medical treatment. He raises two issues on appeal, only one of which merits discussion. He argues that the magistrate erred by finding that the treatment was necessary when there was no evidence that it was recommended by his multidisciplinary team. We agree and reverse. See Louisma v. State, 78 So.3d 50 (Fla. 4th DCA 2012).
Appellant was adjudicated incompetent to proceed in a criminal matter, committed to the Department of Children and Families, and placed in the Treasure Coast Forensic Treatment Center (“TCFTC”). TCFTC’s administrator petitioned the trial court to enter an order authorizing forcible medical treatment of appellant. Attached to the petition were the written opinions of two psychiatrists employed by TCFTC, and each opinion was consistent with the allegations contained within the petition.
*701 A hearing was held on the matter. Dr. Charles LoPiccolo, a forensic psychiatrist, testified that Appellant suffers from chronic paranoid type schizophrenia. Dr. Lo-Piccolo gave an exhaustive list of all the medications that would be used to treat appellant’s condition and stated that another physician was in agreement with the proposed treatment. The magistrate found that there was a need for the medication and recommended that appellant be involuntarily treated for his schizophrenia. The circuit court adopted the recommendation. This appeal followed.
In Louisma, as in this case, the TCFTC petitioned the trial court to enter an order authorizing forcible medical treatment of the defendant. The written opinions of two psychiatrists employed by TCFTC were attached to the petition, and each opinion was consistent with the allegations contained in the petition. The trial court held a hearing, at which Dr. LoPiccolo testified that the defendant suffered from psycho-effective disorder, bipolar type. The presiding magistrate found that forcible treatment was necessary, and his recommendation was adopted by the circuit court.
We reversed the order authorizing forcible treatment. Id. at 53-54. Under section 916.107(3)(a), a patient cannot be forcibly treated unless the treatment is “deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client.” Id. at 52 (quoting § 916.107(3)(a), Fla. Stat. (2010)). These statutory requirements were not fulfilled because “[c]ase law requires that at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment be presented,” and TCFTC presented no evidence that the multidisciplinary team discussed and approved the necessity of the treatment. Id.
The order in the instant case suffers from a similar lack of evidentiary support showing that the proposed treatment was discussed with and approved by appellant’s multidisciplinary treatment team. Dr. Lo-Piccolo testified that his proposed treatment was joined in by another physician, but no evidence was presented showing that this unnamed physician was a member of the multidisciplinary treatment team or that a member of the team joined Dr. LoPiccolo’s recommendation. Accordingly, as in Louisma, we vacate the order authorizing forcible treatment.

Reversed and Remanded for proceedings consistent with this opinion.

WARNER and STEVENSON, JJ., concur.