GERBER, J.
The patient appeals from the circuit court’s final order granting a treatment center’s petition for involuntary psychiatric medication and treatment. The patient argues there was no competent, substantial evidence to establish: (1) that he was provided with a written treatment plan and an opportunity to assist in preparing that plan; or (2) that his multidisciplinary treatment team discussed and approved his recommended treatment. We affirm on the first ground without discussion. We reverse on the second ground.
Section 916.107(3)(a), Florida Statutes (2012), provides, in pertinent part:
A forensic client shall be asked to give express and informed written consent for treatment. If a client refuses such treatment as is deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client, such treatment may be provided under the following circumstances. ...
§ 916.107(3)(a), Fla. Stat. (2012) (emphasis added). Our case law interpreting section 916.107(3)(a) “ ‘requires that at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment be presented.’ ” Martin v. State, 94 So.3d 700, 701 (Fla. 4th DCA 2012) (quoting Louisma v. State, 78 So.3d *639 50, 52 (Fla. 4th DCA 2012)). We also have held that “‘[o]n appellate review of an order requiring a forensic patient to accept involuntary psychotropic treatment, the record must contain competent, substantial evidence to support the trial court’s findings and to substantiate compliance with section 916.107.’ ” Morgan v. State, 94 So.3d 677, 679 (Fla. 4th DCA 2012) (quoting Louisma, 78 So.3d at 52).
Here, the treatment center did not present competent, substantial evidence that the patient’s multidisciplinary treatment team discussed and approved the treatment plan. The treatment center’s psychiatrist’s testimony described being part of the patient’s treatment team, the team’s composition, the team’s diagnosis regarding the patient’s mental health problem, that a plan was devised to restore the patient’s competency, and that the psychiatrist “diseuss[ed] the need for medications and testings as part of that plan.” Notably, the psychiatrist did not testify with whom he discussed the plan. Even assuming this testimony referenced a discussion with the treatment team’s other members, the psychiatrist did not testify that the other team members approved of the necessity of the recommended treatment.
Given the above, we conclude the treatment center did not present competent, substantial evidence that the patient’s multidisciplinary treatment team discussed and approved the treatment plan. Thus, the circuit court’s order must be reversed for a further hearing at which the treatment center may present evidence of the treatment team’s discussion and approval of the treatment plan. See Martin, 94 So.3d at 701 (reversing an involuntary medical treatment order where there was a “lack of evidentiary support showing that the proposed treatment was discussed with and approved by [the patient’s] multidisciplinary treatment team”); Morgan, 94 So.3d at 680 (reversing an involuntary medical treatment order where “[t]he record on appeal does not contain any evidence that [the patient’s] multidisciplinary team discussed or approved the necessity for this treatment”); Louisma, 78 So.3d at 53 (reversing an involuntary treatment order where the record was “devoid of evidence complying with the statutory requirement that the [patient’s] multidisciplinary team deemed the treatment requested to be necessary”). Cf. Dinardo v. State, 742 So.2d 287, 289 (Fla. 1st DCA 1998) (affirming an involuntary treatment order where the patient’s attending psychiatrist, who also was a member of the patient’s treatment team, testified that the patient’s treatment “had been discussed with and found necessary by [the patient’s] treatment team”).

Reversed and remanded for further proceedings.

STEVENSON and CIKLIN, JJ., concur.