PER CURIAM.
The patient appeals an order adopting the magistrate’s report and recommendation on the mental health facility’s petition for involuntary treatment. We reverse because competent, substantial evidence was not presented that the patient’s multidisciplinary team had discussed and approved the necessity of the recommended treatment plan.
To sustain on appellate review an order requiring a forensic patient to accept *859 involuntary psychotropic treatment under section 916.107(3)(a), Florida Statutes (2012), there must be “at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment.” Troutman v. State, 112 So.3d at 638, 638 (Fla. 4th DCA 2013) (citation omitted). In Troutman, this court concluded, “the treatment center did not present competent, substantial evidence that the patient’s multidisciplinary treatment team discussed and approved the treatment plan.” Id at 639. This court found, regarding the psychiatrist’s testimony, that “[e]ven assuming this testimony referenced a discussion with the treatment team’s other members, the psychiatrist did not testify that the other team members approved of the necessity of the recommended treatment.” Id.
In this case, the psychiatrist testified that a treatment team was established and a treatment plan was devised for the purpose of restoring mental health and competency. The psychiatrist listed the members of the team, and testified that there was a second concurring doctor with respect to the treatment plan (who was not listed as being on the team). The psychiatrist never testified that the other members of the multidisciplinary team approved of the necessity of the treatment plan. As in Troutman, “[t]hus, the circuit court’s order must be reversed for a further hearing at which the treatment center may present evidence of the treatment team’s discussion and approval of the treatment plan.” Id.

Reversed and remanded for further proceedings.

MAY, GERBER and LEVINE, JJ„ concur.