GERBER, J.
The patient appeals from the circuit court’s order granting the treatment center’s petition to impose involuntary psychotropic treatment upon the patient. The patient argues the court erred in entering the order without competent, substantial evidence: (1) that his multidisciplinary treatment team deemed his treatment necessary and essential; or (2) that he received, in writing, an individualized treatment plan which he had an opportunity to assist in preparing. See Morgan v. State, 94 So.3d 677, 679 (Fla. 4th DCA 2012) (“[O]n appellate review of an order requiring a forensic patient to accept involuntary psychotropic treatment, the record must contain competent, substantial evidence ... to substantiate compliance with section 916.107, [Florida Statutes].”) (citation and quotations omitted). We agree with the patient’s arguments and reverse.
On the first argument, section 916.107(3)(a), Florida Statutes (2013), provides, in pertinent part:
A forensic client shall be asked to give express and informed written consent for treatment. If a client refuses such treatment as is deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client, such treatment may be provided ....
§ 916.107(3)(a), Fla. Stat. (2013) (emphasis added). To establish compliance with section 916.107(3), “testimony from all treatment team members is not necessary.” Dinardo v. State, 742 So.2d 287, 289 (Fla. 1st DCA 1998). However, “[c]ase law requires ... at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment .... ” Louisma v. State, 78 So.3d 50, 52 (Fla. 4th DCA 2012).
Here, the treatment team physician testified that the “whole treatment team” met with the patient “to go over his initial ... treatment stabilization plan.” However, the physician did not testify that the treatment team approved the treatment plan or deemed it necessary and essential. Thus, no competent, substantial evidence exists to show compliance with section 916.107(3)(a). See Smith v. State, 117 So.3d 858, 859 (Fla. 4th DCA 2013) (“The psychiatrist never testified that the other members, of the multidisciplinary team approved of the necessity of the treatment plan”); Troutman v. State, 112 So.3d 638, 639 (Fla. 4th DCA 2013) ([“T]he psychiatrist did not testify that the other team members approved of the necessity of the recommended treatment.”); Martin v. State, 94 So.3d 700, 701 (Fla. 4th DCA 2012) (“The order ... suffers from a ... lack of evidentiary support showing that the proposed treatment was discussed with and approved by appellant’s multidisciplinary treatment team.”); Morgan, 94 So.3d at 680 (“The record on appeal does not contain any evidence that [the patient’s] *1077 multidisciplinary team discussed or approved the necessity for this treatment.”).
On the second argument, section 916.107(2)(d), Florida Statutes (2013), provides:
Not more than 30 days after admission, each client shall have and receive, in writing, an individualized treatment or training plan which the client has had an opportunity to assist in preparing.
§ 916.107(2)(d), Fla. Stat. (2013). Here, no evidence exists that the patient received, in writing, an individualized treatment plan. Moreover, although the treatment team physician testified that the treatment team met with the patient to discuss the treatment plan, the physician admitted that she did not fully discuss medications with him, as the discussion appeared to agitate him. Thus, no competent, substantial evidence exists to show compliance with section 916.107(2)(d).
Based on the foregoing, we reverse the circuit court’s order and remand with instructions to hold a hearing for the treatment center to present evidence of the treatment team’s compliance with sections 916.107(3)(a) and 916.107(2)(d).

Reversed and remanded with instructions.

DAMOORGIAN, C.J., and CONNER, JJ., concur.