PER CURIAM.
Appellant (“the patient”) was found incompetent to proceed to trial and was placed in the custody of the Department of Children & Families for restoration of competence. The patient appeals the circuit court’s order adopting the magistrate’s report and recommendation on the mental health facility’s petition authorizing involuntary treatment. The patient argues that the court erred in entering the order because there was no competent, substantial evidence to establish that: (1) his multidisciplinary team discussed and approved the necessity of the recommended treatment plan; (2) he received, in writing, an individualized treatment plan or that he had an opportunity to assist in preparing the plan; or (3) the recommended treatment would result in a restoration of competency. We agree with the patient’s first argument and reverse.
“On appellate review of an order requiring a forensic patient to accept involuntary psychotropic treatment, ‘the record must contain competent, substantial evidence to support the trial court’s findings and to substantiate compliance with sec *1162 tion 916.107, [Florida Statutes].’ ” Louisma v. State, 78 So.3d 50, 52 (Fla. 4th DCA 2012) (quoting Dinardo v. State, 742 So.2d 287, 289 (Fla. 1st DCA 1998)).
With regards to the patient’s first argument, section 916.107(3)(a), Florida Statutes (2013), provides, in pertinent part:
A forensic client shall be asked to give express and informed written consent for treatment. If a client refuses such treatment as is deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client, such treatment may be provided ....
§ 916.107(3)(a), Fla. Stat. (2013) (emphasis added).
Although testimony from all treatment plan members is not required, in order to establish compliance with section 916.107(3)(a), “there must be ‘at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment.’ ” Smith v. State, 117 So.3d 858, 858-59 (Fla. 4th DCA 2013) (quoting Troutman v. State, 112 So.3d 638, 638 (Fla. 4th DCA 2013)).
Here, the treatment team physician stated that a treatment team was established and a treatment plan was devised for the purpose of restoring competency. She also listed the members of the team, and testified that there was a second treating doctor (though he was not listed as being part of the team). Although she testified that the course of treatment was essential to the patient’s care, the physician failed to testify as to whether the other members of the multidisciplinary team approved of, or even discussed, the necessity of the treatment. As such, there was no competent, substantial evidence that the multidisciplinary team approved of the necessity of the treatment. See also Chapman v. State, 133 So.3d 1075, 1076 (Fla. 4th DCA 2014) (“[T]he physician did not testify that the treatment team approved the treatment plan or deemed it necessary and essential. Thus, no competent, substantial evidence exists to show compliance with section 916.107(3)(a).”); Smith, 117 So.3d at 859 (explaining that because the psychiatrist never testified that the other members of the team approved of the necessity of the treatment plan, there was insufficient evidence as to compliance with the statute); Troutman, 112 So.3d at 639 (“Even assuming this testimony referenced a discussion with the treatment team’s other members, the psychiatrist did not testify that the other team members approved of the necessity of the recommended treatment.”); Morgan v. State, 94 So.3d 677, 680 (Fla. 4th DCA 2012) (reversing an involuntary medical treatment order where “[t]he record on appeal d[id] not contain any evidence that Morgan’s multidisciplinary team discussed or approved the necessity for this treatment. Even though [one of the treating physicians] testified that the treatment was necessary, this is not sufficient under the statute.”).
Because we reverse on the first argument, we do not address the second argument.
We disagree with the patient’s third argument that there was insufficient evidence to establish that the recommended treatment would result in a restoration of competency. Rather, testimony of the physician indicated that the recommended medication would improve the patient’s competency and stabilize his mood, so that he would be able to acknowledge the charges against him.
Based on the foregoing, we reverse the circuit court’s order and remand with instructions for a future hearing at which time the treatment center may present *1163 evidence of its compliance with sections 916.107(B)(a).

Reversed and remanded.

STEVENSON, TAYLOR and CONNER, JJ., concur.