WARNER, J.,
concurring specially.
I concur in the majority opinion concluding that the issue was not preserved. I write to comment on the merits, however. Appellant appealed an order granting a petition for involuntary psychotropic treatment upon a patient pursuant to section 916.107(3)(a), Florida Statutes (2013). He argued in his brief that the state was required to prove that the requirements of section 916.107(2)(d), Florida Statutes, were met. Even if this had been preserved, I would hold that proof of the requirements of that section is not necessary in a statutory proceeding under section 916.107(3)(a).
Appellant was declared incompetent to proceed to trial on the criminal charges against him and committed to the care and custody of the Department of Children and Families (“DCF”). The Treasure Coast Forensic Treatment Center (“Center”), which was treating appellant, petitioned the Nineteenth Judicial Circuit for an order authorizing treatment. Its petition met the requirements of section 916.107(3)(a). After a full hearing before a magistrate, at which appellant’s treating physician testified to the necessity of treatment with the medications, and after appellant testified, the magistrate recommended granting the petition. The circuit court reviewed the recommendations and entered an order authorizing the treatment.
Although the evidence supported all of the requirements of section 916.107(3)(a), appellant contends that the state failed to present evidence of compliance with section 916.107(2)(d). I would hold that the statutory framework does not require the proof of compliance with that section in order to grant a petition for involuntary treatment.
Section 916.107 covers the Rights of Forensic Clients. This section is divided into provisions regarding the various rights, including the right to individual dignity, quality of treatment, communication, and others. The two at issue in this case are the Right to Treatment, section 916.107(2); and the Right to Express and Informed Consent, section 916.107(3)(a).
The Right to Treatment, section 916.107(2), contains the following provisions, including (2)(d) regarding the right to have a written copy of a treatment plan:
(a) The policy of the state is that neither the department nor the agency shall deny treatment or training to any client and that no services shall be delayed because the forensic client is indigent pursuant to s. 27.62 and presently unable to pay....
(b) Each forensic client shall be given, at the time of admission and at regular intervals thereafter, a physical examination, which shall include screening for communicable disease by a health practitioner authorized by law to give such screenings and examinations.
(c) Every forensic client shall be afforded the opportunity to participate in activities designed to enhance self-image and the beneficial effects of other treatments or training, as determined by the facility.
(d) Not more than 30 days after admission, each client shall have and receive, in writing, an individualized treatment or training plan which the client *946 has had an opportunity to assist in preparing.
§ 916.107(2), Fla. Stat. (2013).
Section 917.107(3) deals with the right of a forensic client to informed consent to treatment. This section also provides for the means of securing necessary treatment when the client refuses to give informed consent. It provides:
(3) Right to express and informed consent.—
(a) A forensic client shall be asked to give express and informed written consent for treatment. If a client refuses such treatment as is deemed necessary and essential by the client’s multidisciplinary treatment team for the appropriate care of the client, such treatment may be provided under the following circumstances:
1. In an emergency situation in which there is immediate danger to the safety of the client or others, such treatment may be provided upon the written order of a physician for a period not to exceed 48 hours, excluding weekends and legal holidays....
2. In a situation other than an emergency situation, the administrator or designee of the facility shall petition the court for an order authorizing necessary and essential treatment for the client. The order shall allow such treatment for a period not to exceed 90 days following the date of the entry of the order. Unless the court is notified in writing that the client has provided express and informed consent in writing or that the client has been discharged by the committing court, the administrator or des-ignee shall, before the expiration of the initial 90-day order, petition the court for an order authorizing the continuation of treatment for another 90-day period. This procedure shall be repeated until the client provides consent or is discharged by the committing court.
3. At the hearing on the issue of whether the court should enter an order authorizing treatment for which a client was unable to or refused to give express and informed consent, the court shall determine by clear and convincing evidence that the client has mental illness, intellectual disability, or autism, that the treatment not consented to is essential to the care of the client, and that the treatment not consented to is not experimental and does not present an unreasonable risk of serious, hazardous, or irreversible side effects. In arriving at the substitute judgment decision, the court must consider at least the following factors:
a. The client’s expressed preference regarding treatment;
b. The probability of adverse side effects;
c. The prognosis without treatment; and
d. The prognosis with treatment.
The hearing shall be as convenient to the client as may be consistent with orderly procedure and shall be conducted in physical settings not likely to be injurious to the client’s condition. The court may appoint a general or special magistrate to preside at the hearing. The client or the client’s guardian, and the representative, shall be provided with a copy of the petition and the date, time, and location of the hearing. The client has the right to have an attorney represent him or her at the hearing, and, if the client is indigent, the court shall appoint the office of the public defender to represent the client at the hearing. The client may testify or not, as he or she chooses, and has the right to cross-examine witnesses and may present his or her own witnesses.
§ 916.107(3)(a), Fla. Stat. (2013) (emphasis added).
*947 The statute thus sets up a detailed procedure for a petition for involuntary treatment as well as the findings which the court must make at any hearing. Those findings, italicized above, do not include a requirement that the court determine that there has been compliance with the rights in section 916.107(2)(d). Indeed, it may very well be that the client has refused to assist in preparing a plan for his treatment, resulting in the necessity of the hearing under section 916.107(3)(a). Thus, compliance with section 916.107(2)(d) in a hearing held pursuant to section 916.107(3)(a) is not only not required by statute, it may be impossible due to the resistance of the client.
“On appellate review of an order requiring a forensic patient to accept involuntary psychotropic treatment, ‘the record must contain competent, substantial evidence to support the trial court’s findings and to substantiate compliance with section 916.107.’ ” The record must contain evidence “that the treatment is deemed necessary by the patient’s multidisciplinary team, that the patient has refused to give express and informed consent as defined in the statute, and that the trial court has considered at least the four factors specified in clauses a-d of section 916.107(3)(a)3.”
Morgan v. State, 94 So.3d 677, 679-80 (Fla. 4th DCA 2012) (citations omitted). While our court has recently added compliance with section 916.107(2)(d) to the list of matters which must be proved at the hearing and failure to prove it is reversible error, see Chapman v. State, 133 So.3d 1075 (Fla. 4th DCA 2014), I find no statutory requirement that the state prove compliance with subsection (2)(d) in a hearing under section 916.107(3)(a).
Instead, if the client has not received the benefit of any of his or her statutory rights, including the right to a written treatment plan within 30 days of admission, section 916.107(9)(b) provides that a client may file a petition for writ of habeas corpus, and the circuit court may make a judicial inquiry and provide appropriate relief. See § 916.107(9)(b), Fla. Stat. (2013) (“A client or his or her legal guardian or representatives or attorney may file a petition in the circuit court in the county where the client is committed alleging that the client is being unjustly denied a right or privilege granted herein or that a procedure authorized herein is being abused. Upon the filing of such a petition, the circuit court shall have authority to conduct a judicial inquiry and to issue any appropriate order to correct an abuse of the provisions of this chapter.”).
Thus, I disagree with Chapman on the merits of the issue at hand. Nevertheless, without proper preservation, it does not need to be addressed by the panel.