DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CHARLES SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-787

[August 13, 2014 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432013CA000188A.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

No appearance for appellee.

TAYLOR, J.

Appellant, Charles Smith, appeals from a circuit court order which adopted a magistrate's recommended order and granted a treatment center's petition to administer involuntary psychiatric medication and treatment. Because there was no competent, substantial evidence establishing that appellant's multidisciplinary treatment team deemed his treatment necessary and essential, we reverse.

On appellate review of an order authorizing involuntary psychotropic treatment, the record must contain competent substantial evidence to substantiate compliance with section 916.107, Florida Statutes. *Morgan v. State*, 94 So. 3d 677, 679 (Fla. 4th DCA 2012).

Section 916.107(3)(a), Florida Statutes (2013), states that "[a] forensic client shall be asked to give express and informed written consent for treatment." The statute further states that "[i]f a client refuses such treatment *as is deemed necessary and essential* by the client's

multidisciplinary treatment team for the appropriate care of the client," such treatment may be provided under certain enumerated circumstances. § 916.107(3)(a), Fla. Stat. (2013) (emphasis added).

To establish compliance with section 916.107(3)(a), the petitioner must present evidence that the patient's multidisciplinary team has deemed the recommended treatment to be necessary and essential. *See, e.g.*, *Chapman v. State*, 133 So. 3d 1075, 1076 (Fla. 4th DCA 2014) (no competent substantial evidence existed to show compliance with section 916.107 where "the physician did not testify that the treatment team approved the treatment plan or deemed it necessary and essential"); *Troutman v. State*, 112 So. 3d 638, 639 (Fla. 4th DCA 2013) ("[T]he psychiatrist did not testify that the other team members approved of the necessity of the recommended treatment."); *Louisma v. State*, 78 So. 3d 50, 52 (Fla. 4th DCA 2012) ("Case law requires . . . at least some evidence that the multidisciplinary team has discussed and approved the necessity of treatment . . . .").

Stated another way, "[t]he record must contain evidence 'that the treatment is deemed necessary by the patient's multidisciplinary team, that the patient has refused to give express and informed consent as defined in the statute, and that the trial court has considered at least the four factors specified in clauses a–d of section 916.107(3)(a)3.' " *Morgan*, 94 So. 3d at 679-80 (quoting *Dinardo v. State*, 742 So. 2d 287, 289 (Fla. 1st DCA 1998)) (formatting altered).

Here, the record does not contain competent, substantial evidence to show compliance with section 916.107(3)(a). While the testifying psychiatrist described being part of appellant's multidisciplinary team and identified the team members, there was no evidence that the multidisciplinary team deemed the recommended treatment to be necessary and essential. Therefore, the trial court erred in ordering treatment without evidence that appellant's multidisciplinary team deemed the medications in appellant's treatment plan to be necessary and essential.

We acknowledge that appellant never raised any argument below concerning the absence of evidence that the multi-disciplinary team deemed the medications in appellant's treatment plan to be necessary and essential. Nonetheless, we conclude that the State's failure to present evidence of compliance with section 916.107(3)(a) is fundamental error that may be raised on appeal even if the argument was not preserved below.

"An error is fundamental when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process." *J.B. v. State*, 705 So. 2d 1376, 1378 (Fla. 1998). The due process clause permits the government to forcibly administer antipsychotic medication to a mentally ill defendant in order to restore the defendant's competency to stand trial, "but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests." *Sell v. United States*, 539 U.S. 166, 179 (2003).

We find that the State's failure to establish that a defendant's multidisciplinary treatment team deemed the treatment necessary and essential as required under section 916.107(3)(a) goes to the foundation of the proceeding and is equivalent to the denial of due process. Thus, the complete failure of the evidence to establish compliance with section 916.107(3)(a) is the type of error that rises to the level of fundamental error, thereby excusing the preservation requirement.

Appellant also argues, for the first time on appeal, that the trial court erred in entering the order without evidence showing that he received, in writing, an individualized treatment plan which he had an opportunity to assist in preparing as required by section 916.107(2)(d), Florida Statutes (2013). Such an argument is not a claim of fundamental error and must be preserved for appellate review. *See Dahl v. State*, 139 So. 3d 944 (Fla. 4th DCA 2014). Thus, because this argument was not preserved below, we cannot consider it.

Based on the foregoing analysis, we reverse the circuit court's order and remand the case "for a further hearing at which the treatment center may present evidence of the treatment team's discussion and approval of the treatment plan." *Troutman*, 112 So. 3d at 639.

*Reversed and Remanded.*

Conner, J., and Perez, Gladys, Associate Judge, concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

3